| 63 | 309 |
|----|-----|
| s112 | 150 |

</div>

## Louis Mayer, Adm'r, v. Chicago & Alton Railroad Co.

1. RAILROADS — *Trespassers—Who are Not.*—When a railroad company blocks a highway crossing and compels persons desirous of crossing to enter upon its grounds to pass around the obstructions, or wait until they are removed, such an entry is not a trespass.

2. SAME—*Trespassers.*—Where a person is induced by the action of a railroad company to enter upon its premises, such person is not a trespasser, and does not become a trespasser until he has had a reasonable opportunity to get off of such premises.

3. QUESTION OF FACT—*Trespasser or Licensee.*—It is for the jury to say whether the relation of a person upon the tracks of a railroad is that of a licensee of the company, or a trespasser upon its tracks.

**Trespass on the Case.**—Death from negligent act. Error to the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge,

presiding.   Heard in this court at the March term, 1896.   Reversed
and remanded.   Opinion filed March 31, 1896.

## STATEMENT OF THE CASE.

Dora Murphy was killed in the Brighton Park yards of
the defendant, on the 8th day of January, 1892.   She was
a daughter of a former employe of the company, and had
lived in the neighborhood all her lifetime.   She had lived
with her mother on Smith avenue, about a block west of
the crossing of California avenue with the tracks of the
Chicago & Alton railroad, for more than three years before
her death.

It appears from the evidence that Mrs. Murphy's house
was on the north side of the street, facing about twenty-
seven railroad tracks, which are used in what is known as
the "yards" of the C. & A. R. R. Co. at Brighton Park.
The street on which it faced was a street running east and
west.   South of the street was an open space of ground,
nearly a block wide, extending east to California avenue.

On California avenue was a shanty for the railroad switch-
men to flag the crossings at this large number of tracks
over California avenue.   The yard extends east and west to
California avenue.   California avenue has been opened for
public travel through the middle of defendant's railroad
yard, where thousands of cars were being switched daily in
making up trains of the company.

The people in the neighborhood had made a foot path on
this open ground; that foot path did not cross the tracks of
the company, but reached California avenue just north of a
"tool house."

The decedent, Dora Murphy, was an unusually bright and
intelligent girl, a little over thirteen years old, and was as
big as most girls of fourteen or fifteen.

Dora Murphy undoubtedly knew that crossing the tracks
was attended with danger.   Passing over such a great num-
ber of tracks in hourly use is always dangerous.

The morning of January 8, 1892, was very cold, about
fifteen degrees below zero.   Dora Murphy left home about

eight o'clock in the morning with some milk cans and pails to deliver milk, as usual with her, to the people living south and east of the railroad company's yards. With her and immediately behind was her sister Kate, who, with her little brother, was carrying a clothes basket. The children crossed the street in front of the house and took the foot path above mentioned eastward to California avenue, and there found that the street crossing proper was blocked by an engine and two caboose cars which extended westward over California avenue.

Instead of waiting, the children went to the west (Dora ahead) and passed around the west end of these cars. This passage was made safely, and the children kept on their way southward over the different tracks until they reached the track known as track No. 10 (No. 1 of the south yard), so that they must have crossed seven or eight tracks. At the time the girl was struck and killed she was at a distance estimated at from thirty to ninety feet west of the street known as California avenue, on the railroad grounds or yard. She was struck by one of two heavily loaded flat cars which had been pushed across California avenue, and were moving at their own momentum.

Suit was brought by Louis Mayer, as administrator. At the close of the plaintiff's evidence, on motion of the defendant, the court instructed the jury to find the defendant, the Chicago & Alton Railroad Company, not guilty.

ROSENTHAL, KURZ & HIRSCHL, attorneys for plaintiff in error.

A party waiting a reasonable time for train to remove from highway is not a trespasser, when crossing the company's grounds, by reason of the obstruction of the highway by the train. Smith v. Savannah, etc., Co., 11 S. E. R. 455, 42 Am. & Eng. R. Cases 105; Campbell v. Race, 7 Cush. 408, with notes, in 54 Am. Dec. 728; Lake Erie & W. R. Co. v. Mackey (Ohio), 41 N. E. R. 980; Reifsnyder v. C., M. & St. P. R. R., 57 N. W. R. 692.

Nor can it be said that a thirteen-year-old child is, as a mat-

ter of law, guilty of contributory negligence in not looking down the track before stepping in front of the cars. Such question is for the jury. R. R. Co. v. Whitton, 13 Wall. 277; C. & N. W. R. R. v. Dunleavy, 129 Ill. 132; C. & A. R. R. Co. v. Adler, 129 Ill. 338; C. & I. R. R. Co. v. Lane, 130 Ill. 116.

WILLIAM E. HUGHES and WILLIAM BROWN, attorneys for defendant in error.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

While the maintenance by the defendant of this grade crossing with its twenty-seven railroad tracks was neither unlawful nor negligence, it was a situation existing solely for its purpose and because of its will, which could be removed at its pleasure.

Holding and using the crossing in conjunction with the public, the defendant was bound to not unnecessarily or unlawfully interfere with the public right at this place.

Being under such obligation, the defendant, in violation of law, blocked the highway and compelled those who wished to go over the road to enter upon its grounds, passing around he engine and cars standing upon the crossing, or wait until the defendant removed the obstruction.

That such entry was not, under the circumstances, a trespass, is neither disputed nor disputable. Campbell v. Race, 7 Cushing 8; Smith v. Savannah Co., 11 S. E. Rep. 455.

The deceased, having thus lawfully come upon the premises of the defendant, instead of walking between the tracks along the side of the train back to the crossing with her little brother and sister, proceeded southward, over the private grounds of the defendant, and was struck and killed when upon such grounds, at a place variously estimated to be from thirty to ninety feet off the crossing.

It does not appear that upon the space occupied by these twenty-seven tracks, there was anything to distinguish the highway from the yard of the defendant.

Whether a man or a child of thirteen would, from the surroundings, have been aware when thirty feet west of the highway that he or she was out of the road and upon the private grounds of the defendant, it is impossible for us to say.

If the deceased had not been induced by the defendant to go into its yard, she would, when there, have been a trespasser irrespective of her knowledge.

Whether at the moment she was struck she knew that she was upon the premises of the defendant, there is in the record nothing to show. Nor can we, under the facts of this case, presume that when no more than thirty feet west of California avenue she realized that fact.

The deceased was not, in going upon the premises of the defendant, a trespasser; once thus there, she would not become a trespasser until she had had a reasonable opportunity to go off such premises, and such opportunity she would not have without the presentation of reasonable means for learning where the yard ended and the highway began. On all sides was a great open space in which the yard and the highway were, with nothing to show where the roadway ended and the yard began.

As a conclusion of law it can not, therefore, be said that under the circumstances of this case Dora Murphy was a trespasser.

It is for the jury to say whether her relation to the defendant was, when she was struck, that of a licensee or a trespasser, and whether she was in the exercise of such care as is to be expected from prudent persons of her age and intelligence.

The judgment of the Superior Court is reversed and the cause remanded.