## Chicago & Alton Railroad Company v. Lewis Mayer, Admr.

### Gen. No. 10,888.

1.  TRESPASSER—*when person going upon the private grounds of a railroad company is not a.*    Where a street crossing is blockaded for an unreasonable time, a person having urgent reason to cross, may depart from the street and go around the blockade upon the private grounds of the company without thereby becoming a trespasser; the extreme coldness of the weather would furnish such an urgency.

2.  TRESPASSER—*when person upon the private grounds of a railroad company is not a.*    Where a person has for such reason sought to cross railroad tracks and has gone upon the private property of the company, he does not necessarily become a trespasser if, after having passed the blockade, he continues going straight across the tracks instead of going back to the street crossing between or among the tracks.

3.  LOOKOUT—*when evidence of the absence of a, is competent.*    Where a person, not a trespasser, is seeking to cross railroad tracks, evidence of the conditions under which the accident occurred, including the absence of a lookout, is competent.

Action on the case for death caused by alleged wrongful act.    Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding.    Heard in the Branch Appellate Court at the October term, 1902.    Affirmed.    Opinion filed February 13, 1904.

JAMES H. TELLER and WILLIAM BROWN, for appellant.

ROSENTHAL, KURZ & HIRSCHL, for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of
the court.

This is an action by the administrator of Dora Murphy,
deceased, to recover for her death caused by alleged neg-
ligence of appellant. The case has been twice before this
court on appeal, and the facts may be found sufficiently
stated in 63 Ill. App. 309. At the last trial the jury returned
a verdict in favor of appellee for $5,000, which was reduced
by remittitur to $3,500, for which judgment was entered.

It is contended in behalf of appellant that there was a
new element introduced not present in the first trial, which
it is claimed tends to show that the deceased was a tres-
passer as a matter of law. This new element was said to
be found in the proof that California avenue was planked
to the width of forty-eight feet; that the deceased, a girl
thirteen years of age, was thoroughly familiar with the lo-
cality, and therefore what was said in the former opinion
with reference to the " great open space in which the yard
and the highway were, with nothing to show where the
roadway ended and the yard began " and that deceased
could not be held a trespasser as a matter of law, is not ap-
plicable to the evidence as now presented. We are unable
to agree with appellant's counsel. The morning was ex-
cessively cold, and the ground somewhat covered by snow.
The deceased found the street crossing blocked by appel-
lant's trains. It is said in appellant's brief, " It cannot be
denied that the testimony as to a blockade is very conflict-
ing and uncertain." It must be deemed to have been set-
tled by the jury, and there is certainly evidence warranting
the finding. It is not denied that if a street crossing be
blockaded for an unreasonable time, a person having urgent
reason to cross may depart from the street and go around
the blockade on private grounds without thereby becoming
a trespasser. Upon an exceedingly cold morning when the
alternative is to stand and wait at a crossing with the tem-

perature below zero, the reasons for going around a blockade, if possible, would probably become urgent very soon. The deceased may have known that she was in the yards, but it does not necessarily follow that she is to be regarded as a trespasser there at the time of the injury.

It seems to be contended that the deceased had passed around the obstruction, and when injured was pursuing a course parallel with the street and eighty-one feet from it; in other words, going straight across the tracks instead of going back to the street crossing between or among the tracks. It cannot be said that in this the deceased may not have been exercising ordinary care, or might not reasonably conclude that it was more prudent to go over the tracks in the most direct way possible. Doing so would not make her a trespasser in fact or law, nor does such conduct under the circumstances necessarily in law constitute negligence. We find no material difference in the evidence from that presented at the first trial, and the views expressed by this court in the former decision must be regarded as controlling upon the questions there reviewed. If the girl was not necessarily in law a trespasser under the facts as found by the jury, we do not regard it erroneous to introduce evidence tending to show the conditions under which the accident occurred, including the absence of a lookout on the flat cars by which the deceased was struck. It was for the jury to determine the questions of negligence as between appellant and the deceased. This they have done and we find no sufficient ground of interference with their finding. We are not prepared to hold as a matter of law that under the circumstances in evidence here appellant had no reason for apprehending that persons might be on its right of way at or near this crossing in view of the alleged blockade, and that, hence, precautions, otherwise unnecessary, might not have become a duty. See I. C. R. R. Co. v. Noble, 142 Ill. 578–586. We are of the opinion, the instruction, the refusal of which is complained of, was properly denied. The position of the deceased was, under the evidence, different from that of a mere implied licensee,

whom appellant might have owed no duty to protect or provide with safeguards. See I. C. R. R. Co. v. O'Connor, 189 Ill. 559–565.

We are unable to say that the judgment is excessive, nor do we find error in the record. The judgment must be affirmed.                                          *Affirmed.*

Mr. Justice STEIN having presided at the hearing of this case in the trial court, did not participate in the foregoing opinion.