Ryan v. State, ex rel. Downey.

Filed February 2, 1893.

---

No. 672.

RYAN v. STATE, EX REL. DOWNEY.

BILL OF EXCEPTIONS.—*Presentation for Signature Beyond Time Limited.—Not in Record.*—A bill of exceptions which is not presented for signature until after the expiration of the time allowed therefor by the court, irrespective of the time when filed, is not a part of the record.

SAME.—*Presentation for Signature.—Agreement to Extend Time.—Where Bill is not in Record.*—On a bill of exceptions, after the certificate and signature of the judge, is the following memorandum: "It is hereby agreed that the time for filing this bill of exceptions is extended to April 1st, 1892, to give me further time to examine the same. "NELSON J. BOZARTH, "March 19th, 1892.                            "Plaintiff's Attorney."
    This memorandum does not purport to be an agreement to extend the time for the presentation of the bill to the judge for his signature, for the bill had been signed before the making of the agreement contained in the memorandum; and the bill, not having been presented to the judge and signed within the time limited by the court, is not in the record.

Appeal from the Porter Circuit Court.

*A. L. Jones,* for appellant.

*N. J. Bozarth,* for appellee.

Ross, J.—This action was brought by the relatrix, under the bastardy act, charging the appellant with the paternity of her bastard child. Upon the trial of the cause the appellant was found to be the father of said child, and judgment was, thereupon, rendered against him in the sum of three hundred and fifty dollars.

The only question presented for the consideration of this court is the ruling of the lower court on appellant's motion for a new trial.

Three reasons were assigned in the motion, namely:

"*First.* The verdict of the jury is contrary to law.

"*Second.* The verdict of the jury is not sustained by sufficient evidence.

"*Third.* Error of law occurring at the trial in this, to wit: "The court erred in giving to the jury instructions. Nos. 4, 5 and 6, and each of said instructions, to the giving of which instructions, and each of them, the defendant at the time excepted."

Counsel for appellant has confined his argument to the presentation of the third reason, and has waived the others.

The insistence of appellant is that the court erred in giving to the jury instruction No. 6.

The record discloses that on the 16th day of January, 1892, the appellant's motion for a new trial was overruled and exception reserved, and sixty days' time was granted him in which to prepare and file his bill of exceptions. The bill was not presented to the judge for signature until March 18th, and was not filed, as certified by the clerk, until March 31st. There is also found endorsed on the bill of exceptions, succeeding the certificate and signature of the judge, the following memorandum, viz:

"It is hereby agreed that the time for filing this bill of exceptions is extended to April 1st, 1892, to give me further time to examine the same.     "NELSON J. BOZARTH,

"March 19th, 1892.                    "Plaintiff's Attorney."

Section 626, R. S. 1881, provides that time may be given beyond the term in which the objecting party may file bills of exception, and section 629 provides that such bills shall be presented to the judge for signature within such time as has been allowed, and if such bill be true he shall promptly sign it and cause it to be filed without delay. It

is also provided, in the latter section, that the delay of the judge in signing and filing shall not deprive the party objecting to the benefit thereof, provided the date of presentation shall be stated in the bill.

In this case the bill was not presented to the judge for signature until the 18th day of March, which was after the expiration of the time allowed by the court for it to be filed. A bill of exceptions which is not presented for signature until after the expiration of the time allowed therefor by the court, irrespective of the time when filed, is not a part of the record. *Samples* v. *State, ex rel.*, 2 Ind. App. 395; *McCormick, etc., Co.* v. *Maas*, 121 Ind. 132.

It is clear, therefore, that the bill of exceptions signed and filed in this case is not a part of the record unless it is made so by reason of the memorandum endorsed thereon. It has been decided that both parties to an action may, by agreement, extend the time granted for filing a bill of exceptions beyond the time designated in the order of the court. *Lotz* v. *Briggs*, 50 Ind. 346.

The memorandum endorsed on the bill purports to be, not an agreement to extend the time for the presentation of the bill to the judge for signature, for the bill had been signed before the making of the agreement contained in the memorandum, but an agreement that the time for filing it with the clerk should be extended until April 1st. There being no agreement to extend the time for the presentation for signature, and the bill having been both presented and signed after the expiration of the time allowed by the court therefor, the bill of exceptions is not in the record.

The instructions complained of are not a part of the record, except they are made such by this bill of exceptions. Not being a part of the record, they can not be examined by this court on appeal.

Judgment affirmed.

Filed February 2, 1893.