McCollum v. Cleveland, Cincinnati, Chicago and St. Louis Railway Company.

[No. 18,751. Filed January 25, 1900.]

Contributory Negligence.—*Complaint.*—*Railroads.*—A complaint against a railroad company for personal injuries alleged that defendant permitted a train of cars to obstruct a street in violation of §2170 Horner 1897; that plaintiff's business required him to cross defendant's tracks, and in so doing he got upon one of the flat cars, walked across to the opposite side thereof, and, in the darkness of the night, leaped to the ground and was injured. *Held*, that the complaint showed plaintiff to be guilty of such contributory negligence as to bar a recovery.

From the Shelby Circuit Court. *Affirmed.*

*L. F. Wilson* and *D. H. Thompson*, for appellant.
*T. B. Adams* and *Isaac Carter*, for appellee.

JORDAN, J.—Appellant filed a complaint in two paragraphs to recover damages for personal injuries. A demurrer was sustained to each paragraph, and the sufficiency of the pleading is presented for review.

A summary of the facts stated in the first paragraph may be said to be as follows: Appellee is a railroad company, and its railroad runs through the town of Fairland, in Shelby county, Indiana. On the occasion of the accident in question, it obstructed the public streets of that town for the period of one hour and thirty minutes, by allowing one of its freight trains, without being parted, to stand upon its side-tracks, and thereby obstructed the passage of persons going north and south on said streets. While these streets were so obstructed by appellee's train, it appears that appellant, as alleged, "had occasion to and was called by matters of pressing business" to go from the saloon, wherein he was engaged as a bartender (this saloon being situated immediately north of the railroad tracks), to a point in the south part of the town, where the business in question seems to have required his immediate personal attention. After waiting for the space of about one hour for appellee to part its train, so as to make a passageway across the tracks, and upon its failure to do so, appellant started along Walnut street, which was the direct route to the point where he desired to go. Upon arriving at appellee's side-track on said Walnut street, he found it closed, or obstructed by the train in question. It is further averred that all of the other streets running north and south across said tracks were also closed or obstructed by said train, and therefore, without great inconvenience, appellant could not pass south over said tracks. That, in order to cross the tracks, he "climbed" upon one of the flat cars composing said train, standing as it then did across said Walnut street, and, believing that he could with safety cross said car, and being "pressed for time", as it is alleged, "he did then and there walk across the flat car to the south side thereof, and jumped therefrom

to the ground," and was injured. It further appears from the complaint that at the time appellant jumped from the car it was 10 o'clock at night, and when he alighted upon the ground his feet slipped, causing him to fall violently to the ground, whereby his right leg was severely wrenched and the bones thereof were broken. It is further alleged that, by reason of the foregoing facts and the defendant's wrongful and unlawful acts, as charged, the plaintiff has incurred irreparable injury, and has become a permanent cripple.

The averments of the second paragraph of the complaint are substantially the same as the first, except the additional charge is made that appellee was also guilty of negligence in failing to restore the street obstructed to its former condition.

Counsel for appellant, in their insistence that the complaint sufficiently states a cause of action, say: "The theory of each paragraph of the complaint is that the acts of the appellee, which caused the injury, were wilful violations of the statute, and therefore torts, involving the direct violation of a positive and explicit law to which contributory negligence is no defense."

The contention is that the employes of appellee, in charge of said train of cars at the time in question, violated §2291 Burns 1894, §2170 R. S. 1881 and Horner 1897, which relates to the obstruction of a highway by a train of cars and prescribes a penalty therefor. Counsel advance the argument that the injury, of which appellant complains, was due, as shown, to the obstruction of the public streets of the town of Fairland by appellee, which, as asserted, was violative of a positive statute; therefore they say that the injury which their client sustained must be considered as having been by appellee wilfully and intentionally inflicted. Hence, contributory negligence can not defeat the action.

The facts, however, as alleged in the complaint, do not support this proposition. It must be remembered that appel-

lant is seeking to enforce against appellee a common law liability, and not one provided for by the statute which appellee is said to have violated by obstructing the streets as it did. Even if it could be reasonably asserted, under the facts as disclosed by the complaint, that the unlawful act of appellee in obstructing public streets of the town, as charged, in violation of the statute, was the proximate cause of the injury received by appellant, still his case must be subject to the rule that, in order to recover, there must be absence upon his part of contributory negligence. It can not in reason be said that, on account of its unlawful obstruction of the street or streets, the injury was thereby wilfully or intentionally inflicted by the appellee upon appellant; or, in other words, it can not be affirmed that appellee, by obstructing the streets as it did, must be held to have anticipated that the accident which befell appellant would be the natural and probable consequence of its said act.

The action, under the facts, is based upon the negligence of appellee, and can rest upon no other foundation; and this appellant by his complaint apparently concedes as the pleading alleges that he was free of a contributory negligence at the time he was injured. As, under the facts, he must rest his case upon negligence, he can not invoke, in his behalf, the rule which applies to wilfulness, as the latter does not consist in negligence, and the two terms are the opposite of each other, wilfulness signifying the presence of intention, and negligence, its absence. *Parker* v. *Pennsylvania Co.,* 134 Ind. 673, 23 L. R. A. 552; *Cleveland, etc., R. Co.* v. *Miller,* 149 Ind. 490, and cases there cited.

The fact that appellee's negligent act in allowing its train to stand across the public streets, so as to obstruct a passage thereon, may have been violative of a positive statute, will not exclude, as a feature of the case, the contributory negligence of appellant. *Ohio, etc., R. Co.* v. *Hill,* 117 Ind. 56; *Cleveland, etc., R. Co.* v. *Wynant,* 114 Ind.

Osborn v. Maxinkuckee, etc., Co.

525; *Gartin* v. *Meredith*, 153 Ind. 16; *Shirk* v. *Wabash R. Co.*, 14 Ind. App. 126.

The facts in this case, reduced to a simple form, show that appellee had obstructed the street over which appellant desired to pass to reach a certain point in the town where some "pressing business" demanded his personal attention. The obstruction was of such an extent as to make it inconvenient for him to go in the direction he desired. Under these conditions, upon arriving at the street crossing, without demanding that appellee part its train so as to enable him to cross, and without any invitation from it, either express or implied, he got upon one of the flat cars, walked across to the opposite side thereof, and then, in the darkness of the night, without knowing or apparently caring in regard to the danger to which he was subjecting himself, he leaped from the car to the ground, and was injured as a result of his own careless act. That, by so doing, he was guilty of negligence, and that his injury must be attributed thereto, we think is so evident that the question is not open to controversy.

It follows that both paragraphs of the complaint are bad, and that the demurrer was therefore properly sustained.

Judgment affirmed.