## SAVANNAH, FLORIDA AND WESTERN RAILWAY COMPANY *v.* HATCHER.

As against a general demurrer, the petition set forth a cause of action.

Submitted March 1, — Decided April 29, 1902.

Action for damages. Before Judge Bennet. Ware superior
court. April 13, 1901.

*W. E. Kay* and *S. W. Hitch,* for plaintiff in error.
*Toomer & Reynolds* and *Leon A. Wilson,* contra.

Cobb, J. Hatcher sued the railway company for damages; and
demurrers, both general and special, were filed by the defendant.
The court overruled the demurrers, and the defendant excepted to
the judgment of the court overruling the general demurrer. The
substance of the petition was as follows: The plaintiff came to the
city of Waycross as a passenger on one of the defendant's trains,
and alighted from the same at the passenger-depot of the defend-
ant. Immediately upon leaving the train he attempted to cross
the track of the defendant on the north side of the passenger-sta-
tion, his purpose being to go to a hotel in the city of Waycross.
The only means of leaving the passenger-station or of crossing the
tracks on the north side of the station is a sidewalk of the city of
Waycross, which is a public thoroughfare of that city and is con-
stantly and continuously used by passengers in going to and from
the defendant's depot, as well as by the public generally. When
the plaintiff approached this thoroughfare for the purpose of cross-
ing, it was obstructed by a passenger-train of the defendant stand-
ing thereon. The plaintiff then proceeded westward along that

train and to a point about forty feet west of the thoroughfare, when he crossed the first track north of the passenger-station. As he stepped upon the second track north of the station, he was struck by a car of the defendant moving from east to west at a rapid and dangerous rate of speed along such second track, and as a result received serious injuries, which were not caused or contributed to by his fault, but occurred while he was exercising all ordinary and reasonable care and diligence in looking to his own safety. It is alleged that the defendant was negligent in running the car upon and across the public thoroughfare at a rapid and dangerous rate of speed, to wit, twenty miles or more per hour; in not having a watchman at the crossing to warn the public of approaching trains; in not tolling a bell or giving other signals of the approaching train; in not having the locomotive and car under such control as to have been able to stop or slacken their speed in time to prevent the injury to the plaintiff; in not checking the speed of the locomotive and car, as they approached the crossing, in time to have avoided the injury; and in not providing a safe and suitable exit for passengers using the station. The plaintiff's age and expectancy were set forth, as well as his earning capacity; and it was alleged that his injuries were permanent and that his capacity to labor had been diminished one half.

As against a general demurrer, we are satisfied that the petition set forth a cause of action. The train standing upon the sidewalk of the city was an obstruction of a public thoroughfare, and the mere fact that the plaintiff left the sidewalk and went into the yards of the defendant for the purpose of going around the obstruction did not make him a trespasser. Not being a trespasser, the diligence for his safety due from the company, as well as his own diligence regarding this danger, were for determination by the jury. This case is, in principle, controlled by that of *Smith* v. *Railway Co.*, 84 *Ga.* 698.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*