## CENTRAL OF GEORGIA RAILWAY CO. *v.* OWEN.

1. Where a pedestrian in a city street, whose business made it necessary for him to cross certain railroad tracks lying across such street, found the crossing obstructed by a train of a railroad company, waited for forty minutes or more, and, the train not having moved, undertook to go around the end of the train, the railroad company is liable to him for injuries received by falling in a ditch while he was, in the exercise of ordinary care, making his way over the tracks and around the train.    This is so whether the ditch was under the tracks of the offending railroad company, or of another railroad company close by.

2. Though the evidence was conflicting as to some of the material issues in the case, the jury believed that for the plaintiff, and, the trial judge being satisfied with the verdict, this court will not control his discretion in refusing a new trial.

Submitted October 20,—Decided November 11, 1904.

Action for damages.    Before Judge Hodges.    City court of Macon.    February 13, 1904.

*Hall & Wimberly* and *J. E. Hall,* for plaintiff in error.
*J. H. Hall* and *M. G. Bayne,* contra.

SIMMONS, C. J.   Owen, a laboring man in the city of Macon, after the close of his day's work, started down Elm street for the purpose of obtaining articles of food for his supper.  He found the street obstructed by a train of the defendant company.   He waited twenty or twenty-five minutes, but the train did not move. He then went around the block to where the track crosses Ash (the next) street, but found that street obstructed by the same train.   He waited at this crossing for another twenty or twenty-five minutes.  Being desirous of crossing in order to obtain the food for his supper, he undertook to go around the end of the train which was nearest Ash street.   After he had gotten around the end of the train, he heard and saw another train approaching him on another track very near to and parallel with that on which stood the train around which he was attempting to go. He stepped back around the latter train to avoid the one which was approaching, fell into an open ditch, and broke his leg.   On the trial of an action instituted by him against the railroad company, he testified that he exercised ordinary care in attempting to go around the end of the train.   The evidence for the plaintiff made out substantially the case stated above.   The evidence for the defendant tended to show, 1st, that no train belonging to it had or could have remained on the crossings for the length of time stated by the plaintiff, or been there at all at that time; 2d, that the plaintiff was not in the exercise of ordinary care in going around the end of the train, as he was thoroughly familiar with the locality in which he was hurt; and 3d, that he was not hurt upon the tracks of the defendant, but must have fallen in a ditch upon the property of another railroad company, whose track was adjacent to those of defendant.   The case was submitted to a jury, under the charge of the court, and a verdict was returned in favor of the plaintiff.   A motion for a new trial was made by the defendant, upon the grounds that the verdict was contrary to law and the evidence.   The court overruled the motion, and the movant excepted.

Under the evidence for the plaintiff, which the jury evidently believed, we think the verdict was right and should not be set aside.   According to the plaintiff's evidence, the railroad company obstructed two public streets in the city of Macon for more than forty minutes.   This obstruction seems to have been needless and

unreasonable.   While the defendant had a right to run its trains across these streets and to obstruct them for a reasonable time, it had no right to obstruct them needlessly or for an unreasonable length of time.   When it did so, it was violating the law.   The public have a right to use the public streets and to pass over and along them when they are not legally occupied by the railroad company's trains.   If the company's servants unreasonably obstruct these streets, and a pedestrian whose business requires that he use the crossings is debarred therefrom for an unreasonable length of time, he has a right to go around the obstructing train.   If in his endeavor to do so he exercises due care and diligence and is injured, the company which obstructed the street is liable.   This principle was ruled in the case of *Smith* v. *Ry. Co.*, 84 *Ga.* 698, and followed in *Savannah, F. & W. Ry. Co.* v. *Hatcher*, 115 *Ga.* 379.   In our opinion it makes no difference whether the pedestrain is hurt upon the tracks of the defendant or upon the property of an adjacent landowner.   Suppose a man with his team obstruct the highway at a point where he does not own the adjacent land.   If the obstruction is so complete and for such a length of time as that a pedestrian has to go outside of the highway in order to pass, and in so doing falls, without negligence on his part, in a ditch upon the adjacent land, is he remediless?   The owner of the land would not be liable, for the ditch is upon his own property and not upon the roadway, and he has not even any reason to anticipate that travelers will come upon his land. The traveler, upon the other hand, has a right, under such circumstances, to leave the highway, and, with due care, to go around the obstructing team.   In the proper exercise of this right he is injured.   The responsibility for the injuries thus arising must necessarily fall upon the man who has wrongfully obstructed the safe highway and forced another to deviate and attempt to pass upon ground which is not safe.   So in the present case the railroad company which obstructed the street with its train should be held liable for the injuries to a pedestrian who was hurt while attempting, with due care, to go around its train, without regard to whether the injury was received upon land owned by the railroad company or by an adjacent proprietor.   We suppose that the trial judge correctly charged the jury as to all these principles. There is no exception to any part of his charge.   By their verdict

the jury found that the defendant had obstructed the crossings for an unreasonable length of time, and that plaintiff had exercised due diligence in endeavoring to go around the train, and we see no reason to control the discretion of the trial judge in refusing a new trial.     *Judgment affirmed.     All the Justices concur.*