HALL *v.* GEORGIA SOUTHERN & FLORIDA RAILWAY COMPANY *et al.*

BECK, J. 1. The evidence raised issues of fact; and the case should have been submitted to the jury, under proper instructions from the court, under which they might determine the question as to whether or not the injuries received by the plaintiff and complained of in the petition were the result of such negligence upon the part of the defendants as to render them liable. It was error to grant a nonsuit upon the conclusion of plaintiff's evidence. *Smith* v. *Savannah &c. Railway Co.,* 84 *Ga.* 698 (11 S. E. 455) ; *Brunswick &c. Railway Co.* v. *Gibson,* 97 *Ga.* 489 (25 S. E. 484) ; *Savannah &c. Railway Co.* v. *Hatcher,* 115 *Ga.* 379 (41 S. E. 606) ; *Central Ry. Co.* v. *Owen,* 121 *Ga.* 220 (48 S. E. 916).

2. A certain document which, according to the contentions of the plaintiff, contained certain traffic arrangements between the two defendants, was offered in evidence, and was excluded by the court; to which ruling the plaintiff excepted. The document itself is quite lengthy, and much of it is clearly irrelevant. Consequently, as it was offered as a whole by the plaintiff, without designating those portions which were relevant, its exclusion from evidence is not ground for the grant of a new trial.

3. The municipal ordinance requiring steam railroads to keep a watchman on duty at street-crossings where there was more than one track crossing the street, which was tendered by the plaintiff and excluded by the court, should be admitted in evidence if accompanied by other evidence tending to show that there was no watchman on duty at the crossing near which the plaintiff claims to have received the injuries complained of.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*
SEPTEMBER 22, 1915.

Action for damages. Before Judge Mathews. Bibb superior court. May 26, 1914.

*Feagin & Hancock,* for plaintiff .

*J. E. Hall* and *Jordan & Lane,* for defendants.