CHICAGO AND ERIE RAILROAD COMPANY v. HUNTER, ADMINISTRATRIX.

[No. 9,064. Filed October 13, 1916. Rehearing denied December 20, 1916. Transfer denied June 27, 1917.]

1. RAILROADS.—*Crossing Accidents.*—*Contributory Negligence.*— *Complaint.*—*Sufficiency.*—In an action for the death of one killed in a railroad crossing accident by being run down by a cut of cars while attempting to go around a train which blocked the crossing, an allegation in the complaint that decedent was

familiar with the crossing and its environments, especially when considered with other averments tending to show that his conduct was not different from that of a man of ordinary prudence, does not render the complaint demurrable as showing deceased guilty of negligence contributing to his injury, since on that issue the burden is on defendant, and a demurrer on that ground will be sustained only when the averments of the complaint show affirmatively, or necessitate the inference of, contributory negligence. p. 165.

2. RAILROADS.—*Crossing Accidents.—Contributory Negligence.—Evidence.—Instructions.*—In an action for death in a railroad crossing accident, an instruction that it could not.be assumed in the first instance that decedent was guilty of contributory negligence, that the burden of that issue was on defendant and that it must be established by a preponderance of the evidence, is not objectionable as requiring defendant to prove contributory negligence by affirmative evidence, especially as another instruction informed the jury that in determining where the preponderance is on any issue, it should look to all the evidence in the case. p. 166.

3. RAILROADS.—*Street Crossings.—Blocking with Trains.—Statute.*—Although §2671 Burns 1914, Acts 1905 p. 747, makes it a misdemeanor for one in charge of a freight train to allow it to stand without an opening therein across a highway, it also imposes a duty on the railroad company not to block highway crossings with freight trains or cars. p. 169.

4. RAILROADS.—*Crossing Accident.—Instructions.—Negligence.—Proof.*—In an action for death in a railroad crossing accident, where negligence was predicated on the blocking of a highway crossing by a freight train and the negligent running of another train backward on an adjacent track, instructions do not authorize a recovery on proof of only one of the negligent acts complained of where each instruction respectively states what facts will authorize a finding that defendant is guilty of negligence in respect to each act charged, and that if decedent was killed by such negligence in respect to each act, defendant would be liable, "provided all the other material allegations of the complaint are proven." p. 170.

5. RAILROADS. — *Crossing Accidents. — Obstructing Crossing. — Duty to Give Signals of Approach of Another Train.*—Where a railroad company, in violation of a statute, obstructs a highway crossing with a standing freight train, and a traveler departs from the highway and goes upon the railroad's right of way adjacent to the crossing only for the purpose of going around the train and over the tracks to the street on the other side, he is not a trespasser as respects the railroad's duty to

him to give the statutory signals of the approach to the crossing of a train on another track.  p. 170.

6.  NEGLIGENCE. — *Instructions.* — *Reasonable Care.*—*Jury Question.*—In an action for the death of a traveler who, while attempting to go around a train blocking a highway crossing, was run down by a train on another track, a requested instruction that if there were three routes, any of which decedent could have taken in passing around the obstructed train, one dangerous and the other two safe, decedent was guilty of contributory negligence if he took the dangerous way, was properly refused because it invaded the province of the jury, it being for the jury to determine from all the circumstances whether taking the dangerous way was negligence.  p. 172.

7.  RAILROADS.—*Crossing Accidents.*—*Action for Death.*—*Variance between Allegation and Proof.*—*Harmless Error.*—In an action against a railroad for death in a crossing accident under a complaint. averring that decedent' was struck by a train at the street crossing, and the evidence showed that he was killed on the railroad's right of way adjacent to the crossing while attempting to go around defendant's train, which he had a right to do because it was unlawfully obstructing the highway, the variance between allegation and proof was immaterial, where the complaint proceeded on the theory that decedent was on the crossing when injured in that defendant owed him the care which it owed to travelers generally on its crossing.  p. 173.

From Kosciusko Circuit Court; *Francis E. Bowser,* Judge.

Action by Effie Hunter, administratrix of the estate of Joseph Hunter, deceased, against the Chicago and Erie Railroad Company.  From a judgment for plaintiff, the defendant appeals.  *Affirmed.*

*W. O. Johnson* and *L. W. Royse,* for appellant.

*Charles C. Campbell, Widaman & Widaman* and *Edward E. Murphy,* for appellee.

HOTTEL, P. J.—On January 22, 1913, at about 6:30 p. m., Joseph Hunter, while attempting to walk across the tracks of appellant's railroad at an intersection of such tracks with a public street in the town of Leiter's Ford, in Fulton county, Indiana, was run over and killed by one of appellant's freight trains.  His widow,

Effie Hunter, was appointed administratrix of his estate, and as such brought an action against appellant in the Fulton Circuit Court to recover damages for herself and the minor children of said decedent, charging that decedent's death was caused by appellant's negligence. The case was venued to the Kosciusko Circuit Court, where a trial by jury resulted in a verdict in favor of appellee for $4,000. From this judgment this appeal is prosecuted.

The complaint was in one paragraph, and was challenged below by a demurrer with proper memorandum filed therewith. This demurrer was overruled and exceptions properly saved. A motion for new trial filed by appellant was also overruled and exceptions saved. These rulings of the trial court are here assigned as error and relied on for reversal.

The complaint was challenged on the ground: (1) That it did not charge appellant with any negligence; (2) that it discloses by a fair inference that decedent was guilty of negligence contributing to his injury.

Inasmuch as the question which the appellant attempts to present by these grounds of its attack on the complaint lie at the bottom of most of the reasons urged in support of its contention that the court erred in overruling its motion for a new trial, we shall at this point indicate enough of the averments of the complaint to make clear such question, and shall then address ourselves to its disposition, instead of attempting to discuss and dispose of the various alleged erroneous rulings by which such question is attempted to be presented.

The complaint charges in effect that the public street in the town of Leiter's Ford which is here involved is about fifty feet wide and runs north and south; that three of appellant's tracks cross it at an angle of sixty

degrees; that such tracks are about eight feet apart—
the one on the north being the main track, and the
other two being sidetracks used for switching purposes;
that all the land about and near the crossing is level and
there are no fences or barriers to keep the traveling
public within the limits of the street when crossing
such tracks; that on a dark night it is impossible for
the traveler on such highway to know his whereabouts
on such crossing, whether in the center or at the side
thereof, or on appellant's adjoining right of way; that
the view of appellant's tracks both to the east and the
west, by a traveler approaching said crossing from the
south was obstructed by buildings and structures (par-
ticularly described) located on appellant's right of way,
immediately south of its tracks; that the travel into
said town from the south converges into said street at
said crossing, which is the only crossing over said
tracks into said town, and said crossing is much trav-
eled by the public; that at the time of the occurrence
complained of, and for more than twenty years pre-
viously thereto, the appellant had not maintained any
fences or cattle guards at said crossing, but had thrown
out to the public such crossing and the adjacent right
of way thereto for travel; that at about 6:30 p. m., on
January 22, 1913, appellant pulled a long freight train
on the first sidetrack south of its main track, and per-
mitted it to stand over and upon said crossing for a half
hour and negligently failed to cut said train at the
crossing, or to leave any space on said crossing open
for public travel; that the said train extended twenty-
five or thirty rods west of said crossing, and the caboose
thereof was fifty feet east of the crossing; that at
about seven o'clock p. m., and while said train was
standing across said crossing on said first sidetrack
south of the main track, appellant negligently backed
a tender, an engine and two box cars from the west

over the second or south sidetrack; that the night was dark and there were no lights on or about said crossing, except those on the rear end of said caboose, which hindered rather than aided a view to the west; that appellant negligently backed said tender, engine and cars over said south sidetrack without any headlight or other light on the approaching end of said train, and, on account of the darkness, such train could not be seen by a traveler on or approaching said crossing; that said train was negligently backed over said crossing at the dangerous speed of twenty miles an hour without any brakeman or servant to give any warning of its approach, and without sounding the whistle or ringing the bell of the engine, etc., and "without giving any signals or warnings whatever of the approach of said train upon and over said crossing;" that at said time decedent, Joseph Hunter, was south of and approached said crossing with the intention of passing over it, and found it obstructed by said train on the first sidetrack; that decedent frequently passed over said crossing, was familiar with it and with its environments; that after waiting for said first train to clear said crossing for his passage, and after appellant had failed to clear the same, decedent started upon said highway across said tracks by traveling over the south track and around said caboose; that just as he had crossed the south rail of the south track and was about to step over the north rail thereof to go around said caboose, the appellant then, while still obstructing its first sidetrack, negligently backed said second train from the west down upon and over said crossing, as aforesaid, and down and over decedent, and knocked him down and killed him; "that the defendant * * * negligently ran said second train down upon and over said decedent and killed him, without any light whatever on the approaching end of said second train to give him any

warning, and without giving the statutory signals or giving any signals whatever to apprise him of the approach of said train, and without having any of its servants on the approaching end of said train    *    *    *."

Appellant's theory of the complaint and its objections thereto, stated in its own language, is as follows: "It is the theory of this complaint that the two acts of negligence of the appellant, to wit:    (1) the blocking of the crossing by the train on the middle track, and, (2) the backing of the train on the south track down upon the crossing and down upon deceased without a light upon its approaching end, and without giving signals of its approach, concurred in causing the death of decedent; that is, if the middle track had not been blocked and thereby delayed him he could have passed over the south track in safety, and if no train had been run over the south track he could have gone over it and around the rear end of the train on the middle track without receiving the injury which killed him.    The two acts are essentially combined in producing the result complained of.    It is appellee's theory, as outlined in her complaint, that when deceased found the crossing blocked by the train on the middle track, he had a right to leave the highway and go upon appellant's premises in order to pass around the rear end of the blocking train, and that appellant owed him the duty to care for his safety while he was so doing.    We insist that the theory is unsound.    We contend that if the deceased left the highway and went upon appellant's premises for the purpose of going around the blocking train, he at once became a trespasser to whom appellant owed no duty, except that it should not wantonly and wilfully run him down.    But if it be said that this question does not arise upon the complaint, *since it avers that the collision was at the crossing,*

then we insist that the complaint shows deceased guilty of contributory negligence in going upon the crossing."

We shall first consider appellant's contention that the complaint shows by fair inference that decedent was guilty of contributory negligence.   It is, in 1.   the main, based on the averment of the complaint that decedent was familiar with the crossing and its environments.   Such averments, especially when considered in the light of the other averments, which show or tend to show that decedent's conduct was not different from that of a man of ordinary prudence, would not justify the court in saying, as a matter of law, that the complaint shows that decedent was guilty of negligence contributing to his injury.   Upon such issue the defense has the burden, and it is only when the averments of the complaint are such as to affirmatively show, or necessitate the inference, that the plaintiff was guilty of such negligence, that a demurrer on such ground should be sustained.   *Wabash R. Co.* v. *McNown* (1912), 53 Ind. App. 116, 135, 99 N. E. 126, 100 N. E. 383; *Cleveland, etc., R. Co.* v. *Clark* (1912), 51 Ind. App. 392, 412, 413, 97 N. E. 822; *Cole* v. *Searfoss* (1911), 49 Ind. App. 334, 338, 339, 97 N. E. 345, and cases there cited.

Appellant, by its italicized words, *supra,* concedes away its contention that the complaint shows that decedent was a trespasser when injured.   In any event, the theory of the complaint indicated by all of its averments is that decedent was a traveler on the street in question attempting to cross appellant's tracks when injured, and that the appellant owed to him the duties which it owed to all travelers over its public crossings, and that it negligently violated such duties by the acts of omission and commission therein set out.   Upon this theory the averments are sufficient, under the authorities hereinafter cited.

However, the question suggested by appellant's contention, *supra,* is the controlling question involved in this appeal, and is squarely presented in appellant's discussion of the grounds of its motion for new trial, and will be there further considered.

In its discussion of the ruling on such motion, appellant challenges instruction No. 5, on the ground that it requires the appellant to prove contributory negligence by affirmative evidence. The instruction is not open to this criticism. It simply told the jury that it could not be *assumed* in the first instance that the decedent was guilty of contributory negligence; that the burden of such issue was on appellant; and that the same *"must be established by a preponderance of the evidence,"* meaning necessarily the entire evidence and not that of appellant alone. Its wording is entirely different from the instructions condemned in the cases cited by appellant.

The court in several of its instructions repeated to the jury that the appellee could not recover if the jury found that the decedent had been guilty of negligence contributing to his injury, and in instruction No. 15 told the jury that "in determining where the preponderance of the evidence is on any fact or issue in dispute, *you will look to all the evidence in the case bearing on that fact or issue,* under the rules of weighing and considering the same heretofore given you, *without regard to which side offered the same."* (Our italics.)

By instruction No. 6, the jury was told that the statutes of the state imposed upon railroad companies operating therein the following duties in reference to obstructing a highway crossing with freight trains or cars, to wit: (Here follows a copy of §2671 Burns 1914, Acts 1905 p. 747.)

Instruction No. 7 is as follows: "If you find from a preponderance of the evidence that the defendant com-

pany, through its conductor or other person in charge of the freight train in question, unnecessarily permitted such train at the time of the injury alleged to stand upon and over the highway crossing alleged without leaving a space of sixty feet or other space across such highway, whereby plaintiff's decedent could travel upon and across said railroad, as alleged, then the defendant would be guilty of negligence, and if you find the decedent was killed by reason of such negligence, and that damages resulted therefrom to the widow and minor children, if any there were, then the defendant would be liable in this action, *provided all the other material allegations of the complaint are proven,* and provided further that you do not find from a preponderance of the evidence that said decedent was himself guilty of contributory negligence."

Instruction No. 8 told the jury that the statute of the state imposes upon such companies the following duties in reference to sounding the whistle and ringing the bell for highway crossing, to wit: (Here follows a copy of §5431 Burns 1914, §4020 R. S. 1881.)

That part of instructions Nos. 9, 11 and 12 necessary to an understanding of the objections made to each respectively, as hereinafter indicated, are as follows:

"9. * * * And if you find that said decedent approached said crossing upon said highway and went upon the same and upon the track of said defendant, and while in such position upon said highway and crossing, a train approached from the west, not having given any of the signals required by law, whereby and by reason of such failure to give such signals he was overtaken and run upon and over and killed, then the defendant would be liable if the other material averments of the complaint have been proven by a preponderance of the evidence, and the decedent was without fault on his part, but the burden of proving that the decedent

did not use ordinary care and caution in approaching and crossing said railroad or said highway, if he did so approach and cross it, is upon the defendant."

"11.    But if you find from a preponderance of the evidence that on the night of January 22, 1913, at about the hour of 6:30 p.m. the defendant company pulled a freight train upon and over the crossing in question and into the siding of the first sidetrack south of the main track of the railroad of the defendant company in the village of Leiter's Ford, Indiana, and thereafter unnecessarily and negligently permitted the same to stand over and upon said crossing at the time in question, and that at such time the defendant company negligently failed to cut said train at said crossing, or to leave for the traveling public any space whatever between the cars of said train at said crossing; that said train extended from said crossing westward about twenty-five or thirty rods to the engine of the same, and the east end of said train extended east from said crossing about fifty to seventy-five feet from the center of said crossing; that at the said time the decedent herein, Joseph Hunter, approached on foot from the south on said highway toward said crossing with the intention of passing over the same; and thereupon said freight train was obstructing said crossing as aforesaid, and said decedent on his approach and attempt to pass said crossing was prevented thereby from passing over said crossing; and thereupon said decedent started to pass around the east end of said freight train by going eastward along and about said freight train upon the right of way of this defendant intending to return to said highway, and using reasonable care and caution in so doing, the said decedent would not thereby as a matter of law become a trespasser, and if while doing so he was killed by reason of the negligence of the defendant in operating and managing another train over said

crossing in manner and form alleged in the complaint, and without fault or negligence on the part of said decedent, then the defendant company would be liable therefor, *provided the other material allegations of the complaint are proven."*

"12. * * * If you find from a preponderance of the evidence that the defendant, through its servants in charge of the train in question, backed the engine and train or part of the train, over said crossing in the night time and while it was dark, at a rapid and dangerous rate of speed, that the same was a much used crossing at said time of night, that said defendant had no light on the end of said train approaching said crossing, and gave no signals or warnings of any character of the approach of said train, and so backed said train upon and over said crossing and said decedent Hunter, and thereby killed him as alleged in the complaint, *then said defendant would be guilty of negligence in operating said train, and if you further find that said negligence was the cause of said injury and death of said Hunter, said defendant would be liable therefor, provided the other material allegations are established* and provided said Hunter was not guilty of negligence which contributed to his death." (Our italics.) The giving of each of these instructions is urged as error.

Instruction No. 6 is objected to on the ground that the statute quoted applies to a conductor and does not prescribe the duty of the railroad company in reference thereto. This contention is answered by the Supreme Court in the following cases: *Cleveland, etc., R. Co.* v. *Tauer* (1911), 176 Ind. 621, 624, 96 N. E. 758, 39 L. R. A. (N. S.) 20; *McCollum* v. *Cleveland, etc., R. Co.* (1899), 154 Ind. 97, 55 N. E. 1024.

Instructions Nos. 7 and 9 are each objected to on the ground that the complaint charges two acts of negli-

gence, combined and acting in concert, viz., the
4. blocking of the crossing and the negligent run-
ning of the other train backward, and it is in-
sisted that these instructions authorize recovery by
proof of the one or the other of said acts alone. As-
suming, without deciding, that appellant is right in its
interpretation of the theory of the complaint, neither
of the instructions is open to the objection urged. They
respectively tell the jury, and correctly so, what facts
will authorize it to find the appellant guilty of *negli-
gence,* under the respective sections of statute before
referred to, and then instruction No. 7 says in effect
that *if the decedent was killed by such negligence* and
the widow and children were damaged thereby, the ap-
pellant would be liable, *"provided all the other material
allegations of the complaint are proven,"* and provided
"further that you do not find from a preponderance of
the evidence that said decedent was himself guilty of
contributory negligence." Similar provisos appear in
instruction No. 9. With such provisos in said instruc-
tions, the jury could not have been misled as to the
facts essential to liability.

Instruction No. 9 is also objected to on the further
ground that it is not applicable to the evidence. The
same objection is urged to instruction No. 8.
5. These objections involve the law propositions re-
ferred to, *supra,* viz., such objections are based
on the assumption that deceased was a trespasser, and
that the statute requiring signals was intended for the
benefit of those only who were in the street, either
crossing or attempting to cross the tracks within the
street limits. The same question is presented by appel-
lant's objections to instructions Nos. 11 and 12, given
by the court, and appellant's refused instruction No. 9
and others and, as before stated, is the controlling ques-
tion presented by this appeal.

While this exact question seems to have never been squarely decided in this state, this court has recognized the right of the traveler "to deviate from the established way on adjacent land when the highway becomes impassable." *Small* v. *Binford* (1907), 41 Ind. App. 440, 83 N. E. 507, 84 N. E. 19. Indeed this right seems to have been long recognized as fundamental. 1 Cooley, Blackstone (book 2 [4th ed.] 35) 460; 37 Cyc 206, and the cases there cited.

If an obstruction on the highway, for which the adjacent owner is in no way responsible, will authorize the use of his land adjacent to the highway by the traveler as a means of getting by the obstruction, it would seem that there should be no reason why one who, under the law, is guilty of purposely and intentionally obstructing a highway in violation of a positive statute should be permitted to treat as a trespasser another who, in the use of such highway, is compelled by such obstruction to pass over such adjacent owner's premises.

In addition to said fundamental principle, which is in appellee's favor, he also has express authority in other jurisdictions which support his contention. The Supreme Court of New York, Appellate Division, in a case where the facts involved were very similar to those here involved, held in effect that the traveler injured on the railroad company's right of way, adjacent to the street crossing, was not a trespasser, and that the railroad company owed to such injured traveler the duties which it owed to other travelers using the crossing in the usual and ordinary way. *Kurt* v. *Lake Shore, etc., R. Co.* (1908), 127 App. Div. 838, 111 N. Y. Supp. 859. This case was affirmed by the Court of Appeals in 194 N. Y. 583, 88 N. E. 1122. See, also, *Crowley* v. *Pennsylvania R. Co.* (1911), 231 Pa. 286, 80 Atl. 75; *Savannah, etc., R. Co.* v. *Hatcher* (1902),

115 Ga. 379, 41 S. E. 606; *Mayer* v. *Chicago, etc., R. Co.* (1896), 63 Ill. App. 309; *Chicago, etc., R. Co.* v. *Mayer* (1904), 112 Ill. App. 149; *Johnson* v. *Atlantic, etc., R. Co.* (1910), 59 Fla. 302, 51 South. 851, 138 Am. St. 126, 20 Ann. Cas. 1003; *Central* v. *Owen* (1904), 121 Ga. 220, 48 S. E. 916. Appellant's contention in the Kurt case, first cited *supra*, was substantially the same as that here made by appellant, and, in that case, the appellant had in its favor a statute of the state of New York, the wording of which, if strictly construed, would have authorized the interpretation there insisted upon by the appellant.

We therefore hold that, as affecting the question under consideration, instructions Nos. 7, 9, 11 and 12, given by the trial court, were in accord with both reason and authority; and hence furnish appellant no ground for reversal. In this connection the court also gave instruction No. 10, which is as follows: "10. The statute just quoted you about sounding the whistle and ringing the bell on a locomotive engine while approaching a highway crossing is made for the protection of travelers on public highways in approaching a railroad, and does not apply when a person is upon the right of way of a railroad as a tresspasser in any way. If you find that said decedent was not at the time of his said injury upon said highway, but was on the right of way of said defendant walking thereon, and without intention or purpose of returning to said highway, then so far as this case is concerned he would be a tresspasser, and there would be no recovery." This instruction presented appellant's theory of the case as favorably to it as the authorities *supra* would warrant.

The court's refusal to give instruction No. 9, tendered by appellant, is urged as error. The latter part of this instruction told the jury in effect that

6.   if there were three routes, either of which dece-

dent could have taken in passing around the obstructing train, and one of them was dangerous, and the other two were safe, if decedent took the dangerous way, he would in that event be guilty of contributing to his injury and could not recover.

Assuming, without so holding, that there was evidence to which the instruction was applicable, it was properly refused because it invaded the province of the jury, in that it told the jury, as a matter of law, that the taking of the dangerous route was negligence, when such question was one of fact for the jury to be determined from all the circumstances of the case. *Jenney Electric Mfg. Co.* v. *Flannery* (1912), 53 Ind. App. 397, 98 N. E. 424, and cases there cited.

Finally, it is contended by appellant that there was a material variance between the complaint and the proof in that the complaint charges and proceeds on

7. the theory that the decedent was struck *while in the street,* attempting to cross appellant's tracks, while the proof shows that he was not in the street when struck, but was on appellant's right of way.

This is in effect a presentation in another form of the question already considered and determined. While there may be a technical variance between the averments of the complaint and the proof in the respect suggested, it is not of a material character under the authorities cited above. The theory of the complaint is that decedent was in the street on the crossing when injured, in the sense that appellant owed to him the care which it owed to travelers generally on its crossing, and that its failure to exercise such care resulted in decedent's death. Under the authorities before cited, this theory of the complaint was sustained by the evidence.

No reversible error appearing in the record, the judgment should be, and is, affirmed.

NOTE.—Reported in 113 N. E. 772. Railroads: (a) liability of railroad company toward one who goes upon its property to pass around a train blocking crossing, 5 L. R. A. (N. S.) 775, 20 Ann. Cas. 1094, 33 Cyc 932; (b) liability of company as affected by cars blocking crossing unlawfully, Ann. Cas. 1915B 642.