FAULKNER *v.* BANK OF MCCRORY.

Opinion delivered June 18, 1928.

*Walter J. Terry, E. R. Parham* and *W. R. Morrow,* for appellant.

*Roy D. Campbell,* for appellee.

SMITH, J. This appeal is from a judgment of the Woodruff Circuit Court, Central District, and the errors complained of for the reversal of the judgment are such that could only be made to appear by a bill of exceptions.

A motion for a new trial was filed August 25, 1927, and was by the court overruled on that day, and 120 days allowed for the filing of the bill of exceptions. The court adjourned for the term on August 26. The bill of exceptions was approved by the trial court on December 27, 1927, which was, of course, more than 120 days after the order of the court had been made allowing that time for filing the bill of exceptions. It does not appear when the bill of exceptions was filed with the clerk of the circuit court, but, since the briefs were filed on the appeal to this court, opposing counsel have

filed a stipulation which contains the following agreement:

"We hereby specifically agree that no question shall be raised or considered in relation to the time allowed for the filing of motion for a new trial and the court's order overruling said motion, and the time allowed for the filing of the transcript and the bill of exceptions, and the court's order thereon. We further agree that the inadvertent date of the judgment misled the appellant; otherwise said bill of exceptions would have been filed within the time allowed by the court, and the same shall be treated as having been so filed. Both parties hereto do not desire to file additional briefs, and the cause may be submitted."

It will be observed that the parties have not stipulated that the bill of exceptions was filed within the time allowed for that purpose, but that it should be treated as having been so filed.

It has been held in numerous cases by this court that the bill of exceptions must be filed within the time allowed by the trial court for filing it, and that it will not be considered by this court unless so filed. This rule is based upon the statute (§ 1318, C. & M. Digest), which provides that "the party objecting to the decision (of the court made during the progress of the trial) must except at the time the decision is made, and time may be given to reduce the exception to writing, but not beyond the succeeding term; * * *'' and this statute has always been construed as requiring that the bill of exceptions be filed within the time limited for that purpose.

It is not permissible for the parties litigant to dispense with this statute. Vol. 4 Standard Encyclopedia of Procedure, page 368.

In the case of *Davis* v. *Union Trust Co.*, 154 Ind. 46, 49 N. E. 817, a longhand manuscript of the evidence heard at the trial of the cause was not filed in the office of the clerk of the trial court until after it had been incorporated in the bill of exceptions, and the parties undertook by stipulation to waive this requirement of the statute. In

holding that this stipulation was ineffective to confer jurisdiction, the Supreme Court of Indiana said:

"As a general rule, this tribunal derives its powers or rights to consider and determine a case according to methods prescribed by the law, and not by virtue or reason of any agreement of the parties to the appeal. All cases in this court are tried by the record. It furnishes the only evidence to sustain the alleged errors of the trial court of which a party complains. * * * A bill of exceptions containing the evidence in a case, when filed with the clerk of the lower court, unquestionably is a part of the record of that court. If a certified transcript thereof, under the circumstances in this case, can be dispensed with by the agreement or stipulation of the parties herein, certainly the entire record below may be made up and brought to this court when incorporated into and made a part of the written agreement of the parties. That this is not authorized by the law no one will controvert. We have no power, under the law, to accept the agreement in question and consider it as serving the purpose for which it is intended."

See also *Blair* v. *Curry,* 154 Ind. 99, 49 N. E. 908, and 46 N. E. 672; *Ryan* v. *State,* 6 Ind. App. 196, 33 N. E. 222; *John Church Co.* v. *Spurrier,* 29 Ind. App. 93, 50 N. E. 93.

As there is no bill of exceptions which we may consider, and no error is assigned which could otherwise be considered, the judgment of the court below must be affirmed, and it is so ordered.