## BUNDY *v.* DODSON.

ENTICING AWAY CHILD.—Against the consent of plaintiff, his son, under eighteen years of age, was enticed away by defendant and placed in the *United States* army as a substitute.

*Held,* that plaintiff was entitled to recover of defendant the value of the son's services during the period of absence occasioned by such enlistment.

APPEAL from the Boone Circuit Court.

GREGORY, J.—*Bundy* sued *Dodson* for enticing away his minor son. The complaint avers that the plaintiff is the father of, and entitled to the services of *Thomas N. Bundy;* that the defendant on, &c., enticed away the said *Thomas,* against the consent of the plaintiff, hired and put him into the army of the *United States* as a substitute for the defendant, for the term of one year, without the knowledge or consent of the plaintiff; that the defendant well knew that the said *Thomas* was a minor, under the age of 21 years; that at the time of the hiring, substitutes for one year in the army were worth $800, and that the services of said minor son were of the value of $800 for one year; that at the time of the hiring, the said Thomas was only seventeen

years old; that the plaintiff had been put to great expense in trying to get his son out of the service, to-wit: $100.

A demurrer was sustained to the complaint, and this presents the only question in the case.

A demurrer admits the facts averred, if well pleaded. The father is entitled to the services of his minor children; and we know of no law that would justify the appellee in enticing away from his father a minor son under the age of eighteen years, even if he did place him in the army of the *United States*. There was no act of Congress authorizing the muster in of persons under that age.

The judgment is reversed, with costs, and the cause remanded to said court, with directions to overrule the demurrer, and for further proceedings.

*S. C. Willson,* for appellant.

*A. J. Boone* and *R. W. Harrison,* for appellee.