The Grand Rapids and Indiana R. R. Co. v. Showers.
No. 6943.

PARENT AND CHILD.—*Liability of Corporation for Minor's Services.*—A corporation which knowingly hires and keeps in its employ a minor, in opposition to the parent's will, is liable to the parent for the reasonable value of such minor's services.

PLEADING.—*Demurrer.*—*Proximate Damages.*—Where a complaint states facts which constitute a cause of action, though the damages laid may not be such as proximately result from the act complained of, it is sufficient on demurrer.

From the Adams Circuit Court.

*D. Studabaker* and *J. P. Quinn*, for appellant.

ELLIOTT, J.—The complaint of appellee sought a recovery for damages resulting from the loss of service and death of his minor son, charging in his complaint that his son was employed by appellant against appellee's will, and that his death was caused by the culpable negligence of appellant. The judgment below was in appellee's favor.

The complaint is in two paragraphs, to each of which appellant addressed a demurrer. The demurrers were overruled, and of that ruling appellant now complains.

The two paragraphs of the complaint are substantially

the same, and contain, in substance, these material facts: That the defendant is a railway corporation, and the lessee of a railway running through part of this State; that the appellee's son, Charles R. Showers, had been and was in the employ of the appellant as a brakeman; that on the night of March 23d, 1873, the appellant's employees were running a train to which was attached a car called a caboose; that, on the aforesaid night, the said Charles Showers was ordered to put down the brakes on said caboose; that the train was running at the rate of fifteen miles an hour; that the top of the caboose and all external attachments were covered with a smooth coat of ice; that said Showers was compelled to climb to the outside of the caboose to shut down the brake; and that, without any negligence on his part, he slipped, fell between the cars, was run over and killed. The facts just recited are followed with the averments, that the said Charles was the infant son of the appellee; that he was seventeen years of age, and was employed by appellant without the consent and against the will of the appellee.

We think the court did right in overruling the demurrers. The facts stated constituted a cause of action against appellant, because they show that the appellant hired the infant son of appellee in opposition to the known will of the father. This entitled the appellee to some damages, for it showed a legal, actionable injury. The appellant, however, contends that the damages sought by the complaint are not the natural and proximate result of the injury complained of, and that the demurrers ought, therefore, to have been sustained. This argument is fallacious. If a complaint states facts constituting a cause of action, it is good, although the damages laid may not be such as proximately result. The facts stated, and not the claim for damages, constitute the cause of action, and where the substantive facts are sufficient. a demurrer

can not be well taken.   We do not, of course, mean to say that any other damages than such as naturally and proximately result from the act complained of can be recovered, but what we do say is that a good statement of facts is not made bad by an improper claim for damages.

The appellant has also assigned for error the ruling denying the motion for a new trial.   In discussing the questions presented by this assignment, counsel insist that there can be no recovery, because one employee can not recover damages for an injury resulting from the negligence of his co-employee.   In our opinion, that question does not arise in this case.   The gist of the complaint is that appellant knowingly hired the minor son of appellee, and did it against his known will, and the evidence fairly supports the complaint.   The question, therefore, is, can a father maintain an action against a corporation which knowingly hires and keeps in its employ, in opposition to the parent's will, a minor child, to whose society and services the father is entitled?   There is no other cause of action shown, nor does the evidence establish any other substantive cause.

The counsel of appellant ask us to reverse the judgment because the finding is not supported by the evidence.   A careful examination of the evidence has satisfied us that it fairly supports the finding of the court.   The employment, the relationship of parent and child, the infancy, the notice by the father to the corporation, the child's death, are shown, and upon these facts there was a plain right of recovery.   The only point upon which there can fairly be doubt suggested is as to whether there was notice to appellant of the father's opposition to the employment of his minor son.   Upon this point, there was testimony showing that the father directed the boy's mother to notify the appellant not to continue him in its employment;   that the mother went to the conductor of the train, and notified him

of the father's command; that the conductor gave information to one of the principal officers of the railway company; that the boy was discharged the following day; and that he was employed the second time, some months afterward, and through the medium of a telegram from one of the officers of the corporation.    From this evidence, we think the court was fairly warranted in finding against appellant, upon this point.

The finding was not contrary to law, because it is well settled that one employing the minor child of another, against the parent's will, must pay to the parent the reasonable value of the child's services, and it is equally well settled that an action will lie where one wrongfully and knowingly keeps an infant child from the service of the parent.    *Rogers* v. *Smith*, 17 Ind. 323; *Plummer* v. *Webb*, 1 Ware, 75; *Steele* v. *Thacher*, 1 Ware, 91.    There are, indeed, cases going to the extent of holding railway corporations liable for damages resulting from the death of a minor child employed by the corporation against the father's will, although the death was caused by the negligence of the child's fellow servants.    *H. & G. N. R. R. Company* v. *Miller*, 49 Tex. 322, and authorities cited.    We are not, however, required by the record to consider that question, and therefore make no decision upon it.

The court allowed appellee only $200 damages, and this was not an unreasonable assessment, even though the right of recovery should be rigidly limited to the loss directly resulting from the loss of the boy's services.    There was much evidence given upon the question of the value of the lad's services, and we can not say that $200 was anything more than a fair compensation for the direct and actual loss consequent upon the corporation's act in depriving appellee of the services of his son.    The fair inference from the evidence, as well as from the amount of the recovery, is, that the court estimated the damages solely upon the

basis of the value of the child's services. The appellant certainly could not complain of damages assessed upon such a basis, however it might be as to the appellee. Nor do we understand counsel for appellant to claim in their brief, that the damages were too great; no such question is discussed. The claim is, that under the evidence there ought to have been no recovery at all.

We have not had a brief from appellee, and may, therefore, have overlooked important points deserving consideration, but we have not felt bound to do more than examine and decide the questions discussed by appellant.

Judgment affirmed, at costs of appellant.