The Fort Wayne, Cincinnati and Louisville Railway Co. *v.* Beyerle.

Filed March 9, 1887.

----•----

No. 12,477.

## The Fort Wayne, Cincinnati and Louisville Railway Company *v.* Beyerle.

Parent and Child.—*Employment of Latter Against Will of Former.*—*Recovery of Value of Services.*—Where a child is employed by a person or corporation against the will of his father, and while in such employment is killed, the father is entitled to recover the value of the child's services up to the time of his death.

Verdict.—*Special Findings.*—*Control of Former by Latter.*—*Practice.*—Nothing will be presumed in aid of answers by the jury to interrogatories, nor will they control the general verdict, unless they are invincibly antagonistic to it.

Instructions.—*Filing of.*—*Record.*—*Practice.*—*Appeal.*—In order that instructions may be made part of the record, without a bill of exceptions, the record must affirmatively show that they were filed.

Practice.—*Appeal.*—*Motion for New Trial.*—*Amount of Damages.*—Where no question is made, in a motion for a new trial, as to the assessment of

damages, no question is presented on appeal, respecting the amount of the recovery.

From the Adams Circuit Court.

*W. H. Coombs, R. C. Bell, S. L. Morris, R. S. Peterson* and *E. A. Huffman,* for appellant.

*H. Colerick* and *W. S. Oppenheim,* for appellee.

ELLIOTT, C. J.—The complaint charges that the appellant enticed the appellee's minor son, George Beyerle, into its employment as a brakeman; that he was employed without the consent of the appellee, as the appellant knew; that while engaged in the discharge of the duties of his employment, he was directed to couple a car to another part of one of the appellant's trains; that without any fault on his part, he was killed, and that the accident which caused his death resulted from the negligence of the appellant.

The answers returned by the jury to the interrogatories very clearly show that the appellee's son was guilty of contributory negligence, and that there was no negligence on the part of the appellant. There can, therefore, be no recovery upon the ground that the negligence of the appellant was the cause of George Beyerle's death. If the recovery can be sustained, it must be upon the ground that the appellant was guilty of an actionable wrong in enticing the appellee's minor son to enter its employment.

The right of the father to maintain an action against a person or corporation who wrongfully causes the death of his child, is settled by the decision in *Mayhew* v. *Burns,* 103 Ind. 328. In that case the subject was fully considered and well discussed, and the right of the parent to maintain the action asserted and sustained upon principle and authority. Nothing need be added to the discussion of the question, for it must be considered as conclusively settled.

Where the child of the plaintiff is employed by a defendant against the parent's consent, an action will undoubtedly lie to recover the value of his services. This is an old and

familiar principle of the common law. Schouler Domestic Relations, sec. 260; *Bundy* v. *Dodson*, 28 Ind. 295. This settled principle will certainly sustain a recovery for the value of the services of the appellee's son from the time he entered the service of the appellant until his death, and, probably, when carried to its logical extent, it goes much further. *Mayhew* v. *Burns, supra; Grand Rapids, etc., R. R. Co.* v. *Showers*, 71 Ind. 451; *Vaughan* v. *Rhodes*, 13 Am. Dec. 713.

Nothing will be presumed in aid of the answers to the interrogatories, nor will they control the general verdict unless they are invincibly antagonistic to it. *Rice* v. *City of Evansville*, 108 Ind. 7 (10); *Redelsheimer* v. *Miller*, 107 Ind. 485.

The answers to the interrogatories are addressed solely to the questions of negligence and contributory negligence, and do not at all touch the question of the employment of the appellee's son against his consent, so that it can not be said that they are so inconsistent with the general verdict as to defeat a recovery for the value of the son's services.

The complaint avers that the appellant enticed the appellee's son from him against his will and consent, on the 1st day of November, 1882, and retained him in its employment until his death, on the 23d day of February, 1883, " whereby the plaintiff lost the services of his said son during his minority, and incurred large expenditures in his burial." These averments are sufficient, at least after verdict, to entitle the appellee to recover the value of his son's services. *Louisville, etc., R. W. Co.* v. *Falvey*, 104 Ind. 409 (423); *Ohio, etc., R. W. Co.* v. *Selby*, 47 Ind. 471 (17 Am. R. 719).

The appellee stoutly contends that the instructions are not properly in the record, because it does not appear that they were filed, and they are not incorporated in a bill of exceptions. The authorities sustain this contention, and it must prevail. In order that instructions may be made part of the record without a bill of exceptions, the record must affirmatively show that they were filed. *Blount* v. *Rick*, 107 Ind. 238; *Landwerlen* v. *Wheeler*, 106 Ind. 523; *Olds* v. *Deckman*,

98 Ind. 162; *Elliott* v. *Russell*, 92 Ind. 526; *O'Donald* v. *Constant*, 82 Ind. 212; *Supreme Lodge, etc.*, v. *Johnson*, 78 Ind. 110.

No question is made by the motion for a new trial as to the assessment of damages, and, under the well settled rule, no question is presented to us respecting the amount of the recovery.

Judgment affirmed.

