No. 14,805.

## TOPPER v. THE STATE.

CRIMINAL LAW.—*Misdemeanor.*—*Minor.*—*Giving Intoxicating Liquor to.*—*What Constitutes.*—Where a saloon-keeper, at the direction of one who pays for the liquor, delivers a glass of intoxicating liquor to a person under the age of twenty-one years, he, as well as the person paying for the liquor, is guilty of a misdemeanor. All persons who participate in an act or transaction which is a misdemeanor are alike guilty.

From the Elkhart Circuit Court.

*H. C. Dodge*, for appellant.

*L. T. Michener*, Attorney General, and *J. E. McCloskey*, Prosecuting Attorney, for the State.

BERKSHIRE, J.—This prosecution originated before a justice of the peace, and rests on section 2094, R. S. 1881, which makes it a misdemeanor to sell, barter or give away intoxicating liquor to a person under the age of twenty-one years. The affidavit contains two counts: (1) That the appellant unlawfully gave intoxicating liquor to Harry Kepler, a person under the age of twenty-one years. (2) That the appellant unlawfully sold intoxicating liquor to Harry Kepler, a person under the age of twenty-one years.

The appellant was adjudged guilty in the circuit court, as charged in the first count of the affidavit. There is but one error assigned, and that is, that the court erred in overruling the motion for a new trial. The case was tried by a jury, and the reasons assigned for a new trial are as follows:

1st. The verdict of the jury is not sustained by sufficient evidence.

2d. The verdict of the jury is contrary to the evidence.

3d. The verdict of the jury is contrary to law.

We have examined the evidence and are satisfied that the verdict of the jury is clearly right. Indeed, with proper

instructions from the court, we can not imagine how the verdict could have been otherwise, if what Harry Kepler drank at the saloon of the appellant on the occasion in question was lager-beer, and though there was some conflict in the evidence as to whether it was lager-beer that was sold, we are of the opinion that the jury were justified in so finding. The evidence, in a nut-shell, is as follows:

The appellant kept a saloon and was his own bar-tender. On the occasion in question, one Cunningham was sitting in the saloon and Harry Kepler came in, he being a boy of the age of seventeen years. After a few words had passed between them, Cunningham asked Kepler if he would have something. Kepler said he would, when Cunningham directed the appellant to let Kepler have what he wanted, and acting under Cunningham's direction the appellant let Kepler have a sandwich and a glass of beer, which Kepler consumed, and Cunningham paid therefor. As between Cunningham and the appellant the transaction was a sale, but as between Cunningham and the appellant on the one hand, and Kepler on the other, it was a gift. It is not contended but that Kepler obtained the beer as a gift, but the contention is that as Cunningham was the donor the appellant is not guilty. That Cunningham was guilty of violating section 2094, *supra,* there is no question, but when this is conceded, how is the appellant to escape?

All persons who participate in an act or transaction which is a misdemeanor are alike guilty. This is a principle that is elementary and does not require a citation of authorities. The appellant sold to Cunningham a glass of lager-beer to be drunk by Kepler, who was a person under the age of twenty-one years, and by the direction of Cunningham at the time he called for the beer, the appellant poured the same out and delivered it to Kepler to be drunk by him. We may state the argument syllogistically as follows: Whoever gives away intoxicating liquor to a minor is guilty of a misdemeanor; Cunningham and the appellant, acting in concert,

did give away to Kepler, a minor, intoxicating liquor; therefore, Cunningham and the appellant are guilty of a misdemeanor.

Judgment affirmed, with costs.

Filed March 26, 1889.