### STEWART *v.* STRONG.

[No. 2,393.    Filed April 22, 1898.]

PARENT AND CHILD.—*Enticing Child Away from Home.—Seduction.—Damages.—Proximate Cause.*—Defendant enticed plaintiff's minor daughter away from home, and, over plaintiff's objection, employed her to perform household duties in his home, where, without his knowledge, she was seduced by his son, and became pregnant with child.    *Held*, that the damages sustained were remote, and not the proximate result of such wrongful employment.    *pp. 44-50.*

APPEAL AND ERROR.—*Failure to Assess Nominal Damages.*—The Appellate Court will not reverse a judgment for failure to assess nominal damages.    *pp. 50, 51.*

From the Greene Circuit Court.    *Affirmed.*

*John S. Bays*, for appellant.

*Davis & Moffett*, for appellee.

HENLEY, J.—This action was begun by appellant against appellee to recover damages alleged to have been sustained by appellant, on account of the wrongful employment of appellant's minor daughter by appellee, which employment was in opposition to the will of the parent.

It is alleged in the complaint that appellant is a widower and has a large family of children, the most of them being small and requiring care and attention; that appellant's wife has been dead several years, and that since her said death, he, desiring to keep his said family together has relied upon his daughter, Lauretta Stewart, who was a girl of eighteen years, to manage his said home and to care for his said children and himself.    That on the 17th day of November, 1893, the appellee with full knowledge of all the

facts, and intending and contriving to injure appellant, and to deprive him of the comfort, assistance, society, and services of his said minor child, and for the purpose of inducing the said Lauretta Stewart to work for him, the said appellee, did at said time wrongfully, and over the objection and protest of this appellant, and against his will and without his consent, persuade and entice the said minor daughter from appellant's home where she was living and performing the services aforesaid, and took her to his, appellee's home, and kept her for a period of five months, and did thereby deprive appellant of the society, comfort and assistance of said minor child during said period. The complaint then continues in these words: "And said plaintiff further says that said defendant, at the time of the grievances herein mentioned, had a certain son and servant nineteen years of age, who was at said time residing at the home of said defendant. And plaintiff further avers, that after the said defendant had so wrongfully taken said plaintiff's said minor child away from his, said plaintiff's home, and to the home of said defendant, she was then and there and thereby, carelessly and needlessly by said defendant exposed to the wicked influences and unscrupulous designs of said defendant's said son, which facts said defendant well knew or might have known by the exercise of reasonable care and caution. And now said plaintiff says, that by reason of said wrongful persuasion and enticing away of said plaintiff's said minor daughter from his said home, and by so carelessly and needlessly exposing her to the wicked influence and unscrupulous designs of said defendant's said son, she was seduced by said defendant's said son, who then and there, and at said defendant's home, and in said house, debauched and carnally knew said plaintiff's said minor daughter, whereby

said plaintiff's said minor daughter became pregnant and sick with child, and so continued for a period of near nine months, and that she is now pregnant and sick with child and will continue to be sick from the result of said pregnancy for a long time, to wit, six months."

It is further averred in said complaint that on the 17th day of April, 1894, the appellee brought appellant's said child back to appellant's home, from whence he had taken her, sick and pregnant with a bastard child; that by reason of all the facts as herein detailed, the appellant has been deprived of the services of said minor daughter, and she has been rendered sick and unable to attend to the necessary affairs of appellant, and that he will be deprived of her services for twelve months yet to come, and has already lost her said services for twelve months past and will be compelled to lay out and expend large sums of money in nursing and taking care of his said child, all on account of the wrongs of appellee as hereinbefore detailed.   Judgment in the sum of $5,000.00 is demanded.

Appellee moved to strike out of the complaint all that part which is set out above in the language of the pleader.   The lower court sustained the motion, to which ruling the appellant excepted, and has assigned such ruling as error to this court.   A demurrer addressed to the complaint assigning as cause that the complaint did not state facts sufficient to constitute a cause of action was overruled.   Appellee answered in two paragraphs.   The first paragraph was a general denial, the second alleged facts sufficient to show that the appellant had prior to the time appellee employed his said minor child, fully emancipated her.   There was a reply in denial, and upon the issue thus joined there was a trial by jury, and a special verdict re-

turned by way of answer to interrogatories. The court sustained the motion of appellee for judgment upon the verdict, and overruled a similar motion made by appellant.

The principal question in the case arose upon the action of the lower court in sustaining appellee's motion to strike out the part of the complaint heretofore set out in this opinion. It is a question not altogether free from doubt, and in this jurisdiction one upon which the authorities are not uniform.

Stated in the language of the learned counsel for appellant, "The theory of the complaint was that appellee, by wrongfully depriving the father of the services and society of his minor child *against the will of the parent*, was liable to respond in damages for all injury which might and did befall the daughter while in charge of the appellee, as well as for loss of services and expenses for sickness, medical aid, etc., etc."

Would the debauching of appellant's daughter by the son of appellee, as charged in the complaint, be such an injury to appellant as that damages would be recoverable by appellant from the appellee? It is not claimed by appellant in his complaint, that appellee conspired with his son to debauch appellant's infant daughter, neither is it claimed that he connived at or in any way knew of the alleged fact that the girl was being ruined while in his employ, nor does appellant's counsel contend as a matter of law that appellee was negligent in his duty toward appellant's daughter, nor that the debauching of appellant's daughter was the proximate result of the wrongful employment of her by appellee. But it is contended by counsel for appellant that the question of proximate cause can not arise in this case, and can in no way influence the proceedings, because the wrong consisted in enticing and inducing the minor child to leave the parent's

roof against the will of the parent, and that the wrongdoer will be liable to the parent for any injury which may befall the child while under the control of the wrongdoer, and that the questions of negligence and proximate cause cannot arise.

The following Indiana cases are cited to sustain appellant's contention: *Ft. Wayne, etc., R. W. Co.* v. *Beyerle*, 110 Ind. 100; *Toledo, etc., R. R. Co.* v. *Trimble*, 8 Ind. App. 333.

The facts in the case of the *Ft. Wayne, etc., R. W. Co.* v. *Beyerle, supra*, were these: The railway company enticed the minor son of the plaintiff to enter its service as a brakeman, and while engaged in that service, in the discharge of his duties, he was killed. The father brought suit. against the company for loss of the services of his minor son. Elliott, J., in pronouncing the opinion of the court, said: "The answers returned by the jury to the interrogatories very clearly show that the appellee's son was guilty of contributory negligence, and that there was no negligence on the part of the appellant. There can, therefore, be no recovery upon the ground that the negligence of the appellant was the cause of George Beyerle's death. If the recovery can be sustained, it must be upon the ground that the appellant was guilty of an actionable wrong in enticing the appellee's minor son to enter its employment." It is further said in the same opinion that, "Where the child of the plaintiff is employed by the defendant against the parents' consent, an action will undoubtedly lie to recover the value of his service. This is an old and familiar principle of the common law. Schouler Domestic Relations, section 260; *Bundy* v. *Dodson*, 28 Ind. 295. This settled principle will certainly sustain a recovery for the value of the services of appellee's son from the time he entered the service of the appellant until his

death, and, probably, when carried to its logical extent, it goes much further."

In the case of the *Toledo, etc., R. R. Co.* v. *Trimble, supra*, this court, speaking by Lotz, J., said: "If one knowingly hire a minor and require him to perform dangerous services in opposition to the parents' will, he will be liable to the parents if injury befall such minor while engaged in such service. In such a case it is not a question of negligence that gives rise to the liability, but the wrong consists in opposing the will of the parents."

The case of the *Grand Rapids & Indiana R. R. Co.* v. *Showers*, 71 Ind. 451, is also cited by appellant in support of his contention that the question of negligence and proximate cause do not arise in such a case as this.

In none of these cases can we find that the court has held that the question of proximate cause was eliminated by the fact that the minor was employed against the known wishes of the parent, but on the contrary, the rule as stated by Greenleaf that, "The damage to be recovered must always be the natural and proximate consequence of the act complained of," 2 Greenl. Ev., section 256, has been followed uniformly in all the courts of this State. *Western Union Tel. Co.* v. *Briscoe*, 18 Ind. App. 22; *Fuller* v. *Curtis*, 100 Ind. 237, 50 Am. Rep. 786; *Cline* v. *Myers*, 64 Ind. 304.

The Supreme Court in the case of the *Grand Rapids, etc., R. R. Co.* v. *Showers, supra*, in holding the complaint good which averred the wrongful employment over the objection of the complainant of his minor son, the death of the minor son while engaged in the service in which he was so employed, and the loss of the services of the said son, say: "We do not, of course, mean to say that any other damage than such

as naturally and proximately result from the act complained of can be recovered, but what we do say is that a good statement of facts is not made bad by an improper claim for damages."

The law is well stated, as to how far a wrongdoer is responsible for his faults, in the case of the *City of Allegheny* v. *Zimmerman*, 95 Pa. St. 295, where it is said: "One is answerable in damages for the consequences of his faults only so far as they are natural and proximate, and may therefore have been foreseen by ordinary forecast, and not for those arising from a conjunction of his own faults with circumstances of an extraordinary nature."

We think the damages sustained by the appellant, as the result of the debauchment of his daughter by appellee's son, were remote, and were not the proximate result of the wrongful employment of appellant's daughter, and the lower court committed no error in striking from the complaint all that part of it which we have heretofore set out in this opinion.

The question of negligence, not being involved in the cause, we are not called upon to approve or criticise the opinions from which we have quoted, upon this question.

It is next contended by appellant's counsel that the lower court erred in sustaining appellee's motion for judgment on the special verdict. Several items of damages, amounting to the sum of $101.50, are found by the jury to have been suffered by appellant. One of these is shown by the following question and answer. "Question 9. What was the value of the services of said Lauretta Stewart for the entire time she remained at the home of the defendant Strong as set out in your previous answers. Ans. $30.00." "Question 10. State what if anything remains unpaid to plaintiff by reason of the services of said Lauretta

Stewart while at the home of said defendant. Ans. Nothing."

All the other items which go to make up the total as above stated grow out of the wrong done by the son of appellee, and were the direct result of the confinement and pregnancy of appellant's daughter and cannot be considered. The item of $30.00 assessed by the jury in answer to question numbered nine, above set out, is found by the answer to the question numbered ten to have been fully paid to appellant.

The jury having failed to find that appellant was entitled to any damage by reason of his being deprived of the society and comfort of his minor daughter over his objection, the court could not have assessed more than nominal damages against appellee. This court will not reverse a judgment for failure to assess nominal damages. We find no error in the record. Judgment affirmed.