## COLE v. SEARFOSS, BY NEXT FRIEND.

[No. 7,484.    Filed February 2, 1912.]

1. TORTS. — *Wilful Injuries.—Intoxication.—Complaint.*—A complaint alleging that the plaintiff was a minor under the age of sixteen, that defendant purchased intoxicating liquors and procured the plaintiff to drink thereof, causing him to become intoxicated and to suffer injuries on account thereof, does not show a wilful injury.  p. 337.

2. NEGLIGENCE.—*Defenses.—Contributory Fault.—Penal Offenses.*— Contributory negligence constitutes a complete defense to an action for negligence at the common law, or for the violation of a penal statute.  p. 337.

3. INTOXICATING LIQUORS.—*Minors.—Treating.*—Under §8329 Burns 1908, Acts 1895 p. 248, §6, providing that "whoever * * * sells or delivers any * * * intoxicating liquors to any person under the age of twenty-one years" shall be fined, a man who treats a minor by purchasing liquor and serving it to such minor at a bar, is guilty of a crime.  p. 338.

4. NEGLIGENCE.—*Volenti non fit Injuria.*—One who freely assents to the act that produces his injury cannot recover therefor.  p. 338.

5. NEGLIGENCE. — *Contributory.—Complaint —Negativing Defenses.*—A complaint for negligence is not required to negative contributory negligence; and to render a complaint bad for showing contributory negligence, the facts alleged must be sufficient to constitute a complete defense if specially pleaded as an answer. Myers, J., dissents.  p. 339.

Cole *v.* Searfoss—49 Ind. App. 334.

6. NEGLIGENCE.—*Contributory.*—*Intoxicating Liquors.*—*Treating.*— *Minors.*—A complaint by a boy fifteen years old, alleging that defendant procured and caused him to drink intoxicating liquors, to his damage, does not show contributory negligence as a matter of law. pp. 339, 340.

7. NEGLIGENCE.—*Question of Law or Fact.*—Where the facts reasonably admit of two inferences, the question of negligence is for the jury and not for the court. p. 339.

8. NEGLIGENCE.—*Drinking Liquors.*—Where a mature person voluntarily drinks intoxicating liquors, offered by another, neither he, nor his personal representative, in the absence of a permissive statute, can recover any damages caused thereby. p. 340.

9. PLEADING.—*Complaint.*—*Inferences to Supply Averments.*—An inference will not be indulged to supply a necessary averment in a complaint, unless it is a necessary one and the only one that can be drawn from the facts. p. 341.

10. NEGLIGENCE.—*Contributory.*—*Infants.*—A child of such tender years as to be incapable of exercising any judgment or discretion cannot be guilty of contributory negligence. p. 342.

11. NEGLIGENCE.—*Contributory.*—*Infants.*—Whether an infant capable of exercising some discretion was guilty of contributory negligence is usually a question for the jury. p. 342.

12. NEGLIGENCE.—*Contributory.*—*Liquors.*—*Infants.*—*Verdict.*— *Interrogatories.*—Answers to interrogatories to the jury that defendant procured and caused the plaintiff, a minor fifteen years old, to drink liquors, to his damage, and that the plaintiff had theretofore drunk liquors, do not overthrow a general verdict for the plaintiff, the general verdict constituting a finding that the plaintiff was not guilty of contributory negligence. p. 342.

13. APPEAL.—*Briefs.*—*Waiver.*—Appellant's failure to discuss, or to cite authorities in support of questions raised, constitutes a waiver thereof. p. 343.

14. NEGLIGENCE. — *Contributory.*—*Intoxicating Liquors.*—*Treating.* —*Instructions.*—In an action by a boy fifteen years old against defendant for procuring and causing the plaintiff to drink intoxicating liquors, an instruction that if the defendant gave to the plaintiff "the intoxicating liquors as alleged (and it does not matter whether the plaintiff partook thereof willingly or not as affecting his right to recover in this action)," that it is immaterial whether the plaintiff had drunk liquors prior thereto, and that the plaintiff's injuries were caused by such acts, the plaintiff should recover, is erroneous, since it permits a recovery regardless of contributory negligence. p. 343.

15. DAMAGES.—*Infants.*—*Loss of Time.*—*Parents.*—A child fifteen years old cannot recover, in an action for negligence, for loss of time, such damages being recoverable solely by the parents. p. 345.

From Tipton Circuit Court; *Leroy B. Nash,* Judge.

Action by Burlie B. Searfoss, by his next friend, against John W. Cole. From a judgment for plaintiff, defendant appeals. *Reversed.*

*Oglebay & Oglebay,* for appellant.
*J. F. Pyke,* for appellee.

LAIRY, J.—Appellee, by his next friend, who is his father, recovered a judgment in the Tipton Circuit Court from which this appeal is taken. The complaint on which the judgment is based is in two paragraphs, which in their substantial averments are practically alike.

Each of these paragraphs states facts showing that appellee was, at the time the events therein alleged occurred, a boy about fifteen years of age, and that on December 2, 1908, he was sent by his father with a horse and buggy to the town of Elwood to bring appellant home; that appellee was so sent to the town of Elwood in response to a telephone message conveying the information that appellant was severely sick at that place; that he arrived there late in the afternoon, and found appellant in the saloon of Fred Wolf, not sick but somewhat intoxicated.

The complaint further shows that appellee informed appellant that he had come to take him home, whereupon appellant insisted that appellee take a drink. They went to the bar in company with a third person, and appellant ordered and paid for three drinks of whisky, which were served by the bartender; and appellee, at the solicitation of appellant, drank a glass of whisky. They then left the saloon and started home. After going a short distance, appellant suggested that they go to a place known as "Skinny Bucks," where appellant again purchased drinks, and appellee, at the request and solicitation of appellant, drank a bottle of beer. They then got into the conveyance and started for home, and when they had reached a point on the road near the county line appellant took from his pocket a bottle of

whisky, and requested appellee to take a drink, which he did. It further appears from the complaint that appellee objected to taking the drinks offered to him by appellant, and that appellant insisted and prevailed upon him to take them, and that as a result of drinking the intoxicating liquors furnished by appellant the appellee became helplessly intoxicated and unconscious, as was also appellant. It is further averred that the horse driven by appellee was gentle and safe, but that appellee, by reason of his intoxicated condition, was unable properly to control and manage it, and that it ran away, and as a result both appellant and appellee were thrown out, and appellee was injured. The complaint further alleges that as a result of such intoxication and of the fall from the buggy he was injured, that he became sick, that his health was permanently impaired, and that he has been subjected to the taunts and jibes of his friends and associates, and has been greatly annoyed and humiliated as a consequence, wherefore he prays damages.

The first error relied on for reversal is the action of the court in overruling the demurrer to the complaint. The first objection urged to the complaint is that it does 1. not state facts sufficient to constitute a cause of action upon the theory that appellant wilfully and intentionally caused the injuries to appellee of which he complains. If the complaint proceeds upon the theory suggested it is clearly insufficient, for the reason that it does not charge that the appellant intentionally and wilfully caused said injuries to appellee; but we do not understand that it proceeds upon that theory.

It is also suggested that if the complaint proceeds on the theory that appellant was guilty of negligence in furnishing to appellee the liquors which caused his intoxication and the resulting injury, it does not state 2. facts sufficient to constitute a cause of action, for the reason that it affirmatively discloses a defense, by showing

that appellee was guilty of contributory negligence in drinking the liquor which caused his intoxication; and that this is true whether the negligence charged consists in the violation of a duty owing by appellant to appellee at common law, or in the violation of the provisions of a statute which is regarded as negligence *per se.* Where the negligence charged consists of a failure to observe a common-law duty, contributory negligence on the part of the person injured is always a defense, and this has been so frequently decided as not to require a citation of authorities. It has been also frequently held by the courts of this State that negligence of the injured party directly contributing to his injury is a defense in cases where the negligence charged consists in the violation of the terms of a penal statute. *Pittsburgh, etc., R. Co.* v. *West* (1904), 34 Ind. App. 95; *Cincinnati, etc., R. Co.* v. *Butler* (1885), 103 Ind. 31; *Nickey* v. *Steuder* (1905), 164 Ind. 189.

It has been held by the courts of this State that a person who treats another who is under the age of twenty-one years, by purchasing intoxicating liquor which is served to such minor at a bar, is guilty of giving intoxicating liquor to a minor, in violation of §8329 Burns 1908, Acts 1895 p. 248, §6. See *Topper* v. *State* (1889), 118 Ind. 110; *Sumner* v. *State* (1892), 4 Ind. App. 403.

The appellant owed the duty to the State and also to appellee not to violate this statute, and a breach of this duty is negligence *per se.* But it is a general rule of law that no one can maintain an action for a wrong where he has assented to the act which caused his injury. The maxim *volenti non fit injuria* is applied in such cases; that is to say, that to which a person assents is not esteemed in law an injury. Broom's Legal Maxims (7th Am. ed.) 268.

It appears from the averments of the complaint that defendant was guilty of negligence in furnishing the intoxicating liquor to the plaintiff which made him drunk. Under

our statute, it is not necessary that a complaint in an
5. action for personal injuries, based on the negligence
of the defendant, should allege want of contributory
negligence on the part of the plaintiff. §362 Burns 1908,
Acts 1899 p. 58. The complaint is therefore sufficient, un-
less the facts therein averred show affirmatively that the
plaintiff was guilty of contributory negligence. In order
to render a complaint otherwise good, demurrable on the
ground that the facts therein averred state a defense, such
facts must be sufficient to state a cause of defense if specially
pleaded as an answer.

The facts which are relied on by appellant as stating a
cause of defense are that appellee, a boy between fifteen and
sixteen years of age, at the solicitation of appellant
6. drank the whisky and beer given to him by said appel-
lant, and as a result became intoxicated, and that
the injuries sued for resulted as a consequence. If the court
can say as a matter of law that these facts show that plaintiff
was guilty of contributory negligence, then the complaint
may be held to state a defense, and the demurrer should
have been sustained. In passing upon this question the
facts averred are deemed to be admitted. Contributory neg-
ligence is generally a question of fact for the jury, but cases
sometimes arise where it is a question of law for the court.
Where the facts are admitted, and are of such a na-
7. ture that but one inference can be drawn therefrom
by any fair and reasonable mind, the court should
draw the inference, and thus determine the question; but,
on the other hand, where the facts are of such a character
that two minds equally reasonable, equally honest and
equally fair and candid, might draw opposite inferences,
the question of contributory negligence is for the jury and
not for the court. *Louisville, etc., R. Co.* v. *Sears* (1894),
11 Ind. App. 654; *Dull* v. *Cleveland, etc., R. Co.* (1899), 21
Ind. App. 571; *Indianapolis St. R. Co.* v. *Marschke* (1906),
166 Ind. 490; *Dickman* v. *Louisville, etc., Traction Co.*

(1910), 46 Ind. App. 11; *Beaning* v. *South Bend Electric Co.* (1910), 45 Ind. App. 261; *City of Bloomington* v. *Rogers* (1895), 13 Ind. App. 121; *Holcomb* v. *Norman* (1911), 47 Ind. App. 87, 91 N. E. 625.

The question then arises, Can this court say, from an application of the rule just stated, as a matter of law, that it is contributory negligence for a boy between fifteen 6.  and sixteen years of age to drink intoxicating liquor at the solicitation of a man of full age who buys and furnishes it to him? If it can, the complaint in this case discloses a defense, and the demurrer should have been sustained; if not, the averments of the complaint do not state a. defense, and the demurrer was properly overruled.

If a person of full age were to bring an action to recover damages resulting to him on account of his own voluntary intoxication, upon the ground that the liquor which 8.  produced his intoxication was sold or furnished to him in violation of the statute, we should have no hesitancy in holding that he could not recover against the person so furnishing the liquor, in the absence of a statute expressly conferring the right to recover civil damages in such a case. We have made an extensive examination of the authorities bearing on this question, and we have been unable to find a single case in which it has been held that such a person who voluntarily drinks intoxicating liquors can recover, from the person furnishing such liquors, damages resulting solely in consequence of his intoxication. On the other hand, it has been held by the supreme court of Alabama, that an action cannot be maintained by the administrator of a deceased person, who came to his death as a direct result of intoxication caused by the use of liquor sold in violation of a statute. The statute of Alabama giving a right of action to the personal representative of a deceased person whose death was caused by the wrongful act of another, is limited to cases in which such person, if death had not occurred, might have maintained an action for the same

act or omission. The court held that since the act of the deceased in drinking the liquors was such contributory negligence as would have been a defense to the action had he lived, his administrator could not maintain the action for his death. *King* v. *Henkie* (1886), 80 Ala. 505.

If a man of full age voluntarily drinks intoxicating liquor until he becomes drunk, we think that the only reasonable inference that can be drawn from such fact, by any fair mind, is that he contributed to his own intoxication; but, in this case, where it appears that the plaintiff was less than sixteen years of age, and where the averments of the complaint do not show that he had ever drank intoxicating liquors before, or had any special knowledge of their effects, we think that there is room for a difference of opinion among reasonable men on the question as to whether, under the circumstances disclosed by the averments of the complaint, he was guilty of contributory negligence in drinking the liquor, and that opposite inferences might be, and probably would be, drawn by different minds equally fair and reasonable. Under such circumstances this court may not say as a matter of law that the complaint states an affirmative defense. The complaint does not therefore state an affirmative defense, and the demurrer thereto was properly overruled.

An answer, not containing the general averment that plaintiff was guilty of negligence contributing to his injury, but stating facts from which contributory negligence 9. might or might not be inferred by minds of equal intelligence and fairness, could not be held sufficient to state a defense, if such defense were required to be specially pleaded, for the reason that an inference will not be indulged to supply a necessary averment, unless it is a necessary inference and the only one that can be drawn from the facts pleaded. It necessarily follows that the same rule must apply when the question presented is the sufficiency of certain averments of the complaint to state the affirmative de-

fense of contributory negligence. The court did right in overruling the demurrer, as the question of contributory negligence was one of fact to be decided by the jury under the issue formed by the general denial.

A child of such tender years as to be incapable of exercising any judgment or discretion is *non sui juris,* and incapable of exercising care, and, therefore, cannot be guilty of contributory negligence. *Indianapolis St. R. Co.* v. *Bordenchecker* (1904), 33 Ind. App. 138; *Indianapolis Traction, etc., Co.* v. *Croly,* 96 N. E. 973; *Indianapolis St. R. Co.* v. *Schomberg* (1905), 164 Ind. 111; *Smith* v. *Atchison, etc., R. Co.* (1881), 25 Kan. 738; *Donahoe* v. *Wabash, etc., R. Co.* (1884), 83 Mo. 560, 53 Am. Rep. 594.

Where a child is *sui juris* it is held to be capable of exercising some care and discretion, but it is not necessarily held to the same degree of care required of a person of mature years. The care which the law exacts of such a child is only such as it was capable of exercising in view of its age, knowledge and experience, and it is guilty of negligence only when it fails to exercise the care so exacted. In most cases the amount of care required of such a child is a question of fact for the jury. *Indianapolis, etc., R. Co.* v. *Wilson* (1893), 134 Ind. 95; *Keller* v. *Gaskill* (1894), 9 Ind. App. 670; *Louisville, etc., R. Co.* v. *Sears* (1894), 11 Ind. App. 654.

The motion of appellant for judgment on the answers to interrogatories notwithstanding the general verdict was properly overruled. The general verdict decided every material issue tendered by the pleadings in favor of appellee, and one of the issues so decided was that the appellee was free from contributory negligence. Appellant insists that the answers to interrogatories overcome the general verdict upon this issue. The facts found by the jury in answer to interrogatories and relied upon as showing contributory negligence are the same as those stated in

the complaint, and relied upon by appellant as stating the affirmative defense of contributory negligence, except that, in addition to the facts stated in the complaint relating to this subject, the jury, in answer to an interrogatory, found that appellant had drunk before. The facts disclosed by the answers to interrogatories do not show as a matter of law that appellee was guilty of contributory negligence. In passing upon the sufficiency of the complaint, we stated our reasons for holding that the facts averred in the complaint, which were relied on as stating an affirmative defense, were not sufficient as a matter of law to show that appellee was guilty of contributory negligence. The same reasons apply with equal force when the same question again arises in ruling on the motion now under consideration.

The motion for a new trial states fifteen causes. Appellant has waived the questions raised by the first, twelfth, thirteenth, fourteenth and fifteenth causes assigned, by failing to discuss the questions thus raised or to cite authorities in their support.

The second cause assigned for a new trial is that the verdict is not sustained by sufficient evidence. As the judgment must be reversed on account of erroneous instructions, and as the evidence on another trial may be somewhat different from the evidence in this record, it is not important that we should discuss the evidence on this appeal.

The third reason for a new trial is that the verdict is contrary to law. The principal ground upon which appellant claims that the verdict is contrary to law is that both paragraphs of complaint are insufficient to state a cause of action. This question has been fully discussed in a former part of this opinion, and need not be further mentioned here.

The other causes for a new trial relate to the giving and refusing to give certain instructions. The sixth instruction, given at the request of appellee, is as follows: "You are instructed that it is immaterial, as affecting plaintiff's right to recover in this case, whether at some

time prior to the injury complained of he had drank intoxicating liquors or had been intoxicated. The plaintiff being a minor, it was unlawful for the defendant to offer him intoxicating liquors, or to tempt him to partake thereof, and if you believe from the evidence in this case that the defendant did give to this plaintiff the intoxicating liquors as alleged (and it does not matter whether plaintiff partook thereof willingly or not, as affecting his right to recover in this action), and if you believe from all the evidence in this case that plaintiff's condition and injuries, if any, were brought about and caused by the wrongful and unlawful acts of defendant, as alleged in the complaint, you should find for plaintiff, and assess such damages as you believe will compensate him for the injuries sustained, if any, pain and suffering, loss of time, and his future inability to work by reason of such injuries, if any.''

This instruction is clearly erroneous, as it permitted a recovery by the plaintiff regardless of whether he was guilty of contributory negligence. The jury was told by this instruction that it was not material to plaintiff's right to recover whether he had drunk intoxicating liquors and been drunk prior to the time of the injury complained of, and that it was also immaterial whether he drank the liquors willingly or unwillingly. We think that both of these questions were proper to be considered by the jury in determining whether appellee was or was not guilty of contributory negligence. It was proper for the jury to consider what experience, if any, appellee had previously had in the use of intoxicating liquors, and also what knowledge he possessed as to their effects, to the end that it might properly judge how much care and discretion appellee was capable of exercising in the use of such liquors, and whether he was guilty of negligence in drinking to excess.

This instruction is also erroneous, because it directs the jury that loss of time was an element of damage for which plaintiff was entitled to recover in this action. The appellee

is an infant suing by his next friend. His time, as well as his earnings, during minority belonged to his father. If the injury to appellee resulted in a loss to the father of the services of his minor child, the father and not the child would be entitled to recover for such loss. *Ohio, etc., R. Co.* v. *Tindall* (1859), 13 Ind. 366; *Grand Rapids, etc., R. Co.* v. *Showers* (1880), 71 Ind. 451; *Bundy* v. *Dodson* (1867), 28 Ind. 295.

Other questions are presented as to the rulings of the trial court in giving certain instructions and in refusing to give certain other instructions tendered by appellant. The questions thus presented are so related to the questions already discussed that a further discussion of them is unnecessary. It is not likely that the same questions will arise on another trial.

For error of the trial court in giving to the jury instruction number six, the judgment is reversed. with directions to grant a new trial.

Myers, J., concurs in result, but dissents from the reasoning and principles of law employed in sustaining the complaint.