## INDIANA BRIDGE COMPANY v. SHEPP.

[No. 22,425. Filed January 19, 1915.]

1. MASTER AND SERVANT.—*Injuries to Servant.—Complaint.—Negligence.*—A complaint by a common laborer against his employer for injuries sustained while assisting in the operation of a hoisting machine, alleging that plaintiff had been called upon on several occasions to render such assistance by holding the boom rope taut or paying it over the winch head, that at such times the rope used was soft and pliable, that at the time of the injury the rope in use was new and stiff and should have had more wraps around the winch head than was necessary in the use of the old rope, but that plaintiff did not know that a greater number of wraps of the new rope was essential, that defendant did not inform him of such fact, and that by reason of the insufficient wraps about the winch head plaintiff could not hold the boom and was injured, states facts showing that defendant was negligent. p. 611.

2. MASTER AND SERVANT.—*Injuries to Servant.—Contributory Negligence.—Complaint.*—A complaint by a servant against his master for personal injuries need not negative contributory negligence, and will not be deemed insufficient on the ground that

contributory negligence is shown by its specific averments unless they show contributory negligence as a matter of law. p. 614.

3. MASTER AND SERVANT.—*Injuries to Servant.—Contributory Negligence.—Complaint.*—In a complaint for injuries sustained in operating a hoisting machine, where it appeared that the injury resulted from his inability to hold a boom rope which he was paying over the winch head, the allegation showing that plaintiff was holding the rope with one hand while attempting to untangle it with the other, did not show as a matter of law that he was guilty of contributory negligence. p. 614.

4. APPEAL.—*Review.—Verdict.*—A verdict for plaintiff is sustained by sufficient evidence where the record discloses evidence to support every material allegation of the complaint p. 614.

From Jay Circuit Court; *James J. Moran,* Judge.

Action by Ulysses G. Shepp against the Indiana Bridge Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*John W. Ryan,* for appellant.

*Kumler & Gaylord,* for appellee.

LAIRY, J.—In the trial court appellee recovered a judgment for damages growing out of personal injuries sustained by him while in the employ of appellant. The only questions presented on appeal relate to the action of the court in overruling appellant's demurrer to the complaint and in overruling appellant's motion for a new trial.

The objections urged against the complaint are that the facts stated do not show negligence on the part of appellant and that the specific facts stated show that appellee was guilty of contributory negligence.

From the allegations of the complaint it appears that appellant was a corporation engaged in manufacturing and erecting structural steel and iron work, and that, at the time appellee was injured, it was engaged in erecting the steel structure of a building at Kokomo, Indiana, using in the prosecution of such work a large and powerful steam hoisting machine and derrick which are described in the complaint with considerable particularity. It is shown that the boom of the derrick was raised and low-

ered by means of a rope attached to the upper end of the boom and which passed through a system of pulleys and blocks and tackle, over a pulley at the top of the mast thence down the mast and through a pulley near the bottom of the mast and thence a number of times around the winch head attached to the end of the drum of the hoisting machine, the part of the rope beyond the winch head remaining unattached. In raising and lowering the boom, the operator stood back of the winch head and held the rope allowing the loose end to coil back of him. When it was desired to raise the boom he held the rope taut so as to tighten the folds about the winch head and its revolutions raised the boom, but when it was desired to lower the boom, the operator would slacken the rope and allow it to slip on the winch head by the power of the weight on the boom.

The complaint further alleges that the rope used was a hemp rope one inch in diameter and that when such a rope had been used for such a length of time as to make it pliable, the boom could be safely operated when such a rope was wound four or five times around the winch head, but that, when a new rope which was stiff and unpliable was used, it was necessary to the safe operation of the boom that such a rope should be wound eight or ten times around the winch head. It is alleged that all of these facts were known to appellant at and before the time of the injury to appellee, and that they were unknown to appellee at any time prior to his injury.

It further appears from the allegations of the complaint that appellee was employed by appellant as a common laborer to do such work as he was directed to perform and that he had been so employed for some time prior to the accident. The services required of him had been performed generally on other parts of the work but on several occasions he had been directed to operate the boom and had done so for several minutes at a time always using a rope which had be-

come soft and pliable by use and which had been wound around the winch head four or five times.   On the day on which the injury to appellee occurred he was directed to operate the boom which was at the time equipped with a new hemp rope which was stiff and unpliable and which was wound around the winch head only four or five times. Shortly after the noon hour when appellee was lowering the boom by paying out the rope, the loose part of the rope lying back of him became kinked and tangled by reason of its stiff and untractable nature, and it became necessary to straighten the rope in order to feed it out.   Appellee attempted to hold the rope with his right hand while he used his left hand to straighten the rope lying back of him.   The rope was jerked out his hand by the weight of the boom and the boom fell, appellee became entangled in the rope lying back of him and was jerked over the winch head and severely injured.

The complaint further shows by proper allegations that appellee had no experience in operating the boom with a new stiff rope prior to the day on which he was injured, and that in all his former experience he had used a rope which had become soft and pliable by use and which he could easily hold with one hand when it was wrapped four or five times around the winch head; that he relied on such former experience and that appellant knew when appellee was put to work with the new rope that he would so rely; that it required more experience than appellee had to safely operate the boom with a new rope which fact was known to appellant and was unknown to appellee.   It is charged that appellant negligently ordered appellee to operate the boom with the new rope with the same wound only four or five times around the winch head and that it negligently failed to warn him of the additional dangers incident to the use of a new rope in the operation of the boom.   The facts stated clearly show that appellant was negligent.   *Knicker-*

*bocker Ice Co.* v. *Gray* (1908), 171 Ind. 395, 84 N. E. 341; *Republic Iron, etc., Co.* v. *Ohler* (1903), 161 Ind. 393, 68 N. E. 901.

The specific facts alleged in the complaint do not show contributory negligence as a matter of law. In actions of this kind the complaint is not required to negative 2. contributory negligence. A complaint in such a case will be held sufficient unless the facts pleaded are such as to show the plaintiff guilty of contributory negligence as a matter of law. If from the facts pleaded opposite inferences as to contributory negligence may be drawn by reasonable minds, the question presented is not one of law which can be decided in passing on a demurrer. *Cole* v. *Searfoss* (1912), 49 Ind. App. 334, 97 N. E. 345.

The fact that appellee let go of the rope with his left hand and attempted to hold it with his right while using the left to untangle the rope lying back of him does not 3. show as a matter of law that he was guilty of contributory negligence, especially when considered in connection with the other allegations of the complaint showing his former experience and his lack of knowledge of the dangers incident to the operation of the boom with the new rope. The complaint is clearly sufficient.

The only question raised by the motion for a new trial and presented on appeal is the sufficiency of the evi-4. dence to sustain the verdict. The record shows that there is evidence to sustain every material allegation of the complaint.

Judgment affirmed.

NOTE.—Reported in 108 N. E. 107. As to contributory negligence and the general principles of law applicable to it, see 55 Am. Dec. 666. On the general question of the master's duty to warn and instruct his servants, see 44 L. R. A. 33. As to duty of master to instruct servant as to scientific facts, see 19 Ann. Cas. 1154. See, also, under (1) 26 Cyc. 1393; (2) 26 Cyc. 1399; (3) 26 Cyc. 1401; (4) 3 Cyc. 348.